NO. 07-10-0378-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 10, 2011

_____

BILLY DON MENEFIELD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4375; HONORABLE STEVEN RAY EMMERT, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Billy Don Menefield appeals his conviction for possessing a controlled substance in an amount of less than one gram by contending he received ineffective assistance of counsel. Specifically, he complains of his trial counsel 1) failing to object to the admission of the laboratory's drug report, 2) failing to object to inadmissible punishment enhancement evidence, and 3) introducing evidence of extraneous offenses during the guilt/innocence phase. We consider only the first ground and reverse the judgment.

We review claims of ineffective assistance under the standard discussed in *Strickland v. Washington,* 466 U.S. 668, 687-95, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant has the burden of proving not only that counsel's performance was deficient but that he suffered prejudice as a result of it. *Cannon v. State,* 252 S.W.3d 342, 348-49 (Tex. Crim. App. 2008). In making our review, we presume that counsel had legitimate strategies for his actions, *Mata v. State,* 226 S.W.3d 425, 431 (Tex. Crim. App. 2007), and that presumption cannot *generally* be overcome absent evidence in the record of the attorney's reasons for his conduct. *Ex parte Niswanger,* No. AP-76,302, 2011 Tex. Crim. App. LEXIS 390, at *9-10 (Tex. Crim. App. March 16, 2011). But, such evidence is not required when no reasonable trial strategy is fathomable. *Andrews v. State,* 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (stating that when there is no reasonable trial strategy that can justify trial conduct, counsel has been ineffective as a matter of law regardless of whether the record shows the reasons for his conduct). Such is the case here.

*Admission of Laboratory Report*

Appellant argues that his counsel should have objected to the admission of the laboratory report setting forth that a trace amount of cocaine was found in a pipe which appellant had in his possession. This was the only evidence proffered by the State and appearing of record that showed the presence of a controlled substance. The report was sponsored by Brandon Conrad, the manager of the Texas Department of Public Safety laboratory, as a business record. However, it had been prepared by Roy Murphy, the previous supervisor of the crime lab. Additionally, Conrad did not perform

2

his own analysis of the material. Finally, defense counsel withheld objection to the report when proffered and admitted into evidence.

Before us, appellant argues that the report was inadmissible given the person through which the State authenticated and proffered it. In other words, the Confrontation Clause appearing in the Sixth Amendment of the United States Constitution barred the trial court from admitting it under the circumstances of record. And, since no other evidence given the factfinder illustrated that the residue found in the pipe was a controlled substance, defense counsel's failure to invoke the Confrontation Clause harmed appellant. We agree.

Out-of-court testimonial evidence violates the Confrontation Clause unless the declarant is unavailable to testify *and* the defendant had a prior opportunity to cross-examine him. *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). It is clear that such out-of-court testimonial evidence includes reports of the kind at issue here and offered into evidence via circumstances like those here. *Melendez-Diaz v. Massachusetts,* __ U.S. __, 129 S.Ct. 2527, 2532, 174 L.Ed.2d 314 (2009); *Cuadros-Fernandez v. State,* 316 S.W.3d 645, 657-58 (Tex. App.–Dallas 2009, no pet.); *Hamilton v. State,* 300 S.W.3d 14, 20-21 (Tex. App.–San Antonio 2009, pet. ref'd). Thus, if defense counsel would have objected to the report's admission as violating the Confrontation Clause, the trial court would have erred in admitting it. Indeed, the State concedes as much.

Nevertheless, the State contends that because the record fails to show the reason for defense counsel's silence, we are prohibited from concluding that he lacked such a reasonable strategy. So too does it offer a potential strategy that defense

3

counsel could have been pursuing. It involved the possibility that counsel may have hoped to induce the jury to find his client guilty of a lesser offense (*i.e.* possessing drug paraphernalia) because of the "trace" amount of cocaine present. This may be true. Yet, such a strategy would require defense counsel to forego uttering an objection (legitimized by the United States Supreme Court) to the only evidence of record establishing his client's guilt for the crime for which he was convicted. Hopefully, no counsel would choose such a course of action for it is not reasonable. Indeed, if the report were excluded, and given the absence from the record of all other evidence establishing the presence of a controlled substance, no rational jury could have convicted appellant for possessing cocaine. Moreover, logic and reason suggest that excluding the only evidence of culpability for the greater offense would have all but forced the jury to convict appellant of only the lesser crime, assuming, of course, that defense counsel would have even sought an instruction on a lesser crime.[1] These scenarios also illustrate why the omission by defense counsel harmed appellant. Defense counsel's omission allowed for the admission of the only evidence supporting appellant's conviction.

We can imagine no reasonable trial strategy for remaining silent, under the circumstances at bar. It would be unreasonable to withhold objection to the only evidence of guilt when that evidence is inadmissible. And, to do so, is prejudicial.

---

[1]The State also argues that if an objection had been uttered and sustained, Conrad could have simply reached his own expert opinion, based on the report, about the nature of the substance discovered in the pipe. This, of course, assumes that Conrad would have provided the testimony suggested by the State. But, we do not know that. Instead, we only know that he did not. People have long said that "if a frog had wings, it wouldn't bump its butt." Such is true about conjecture; however, what could have occurred does not fill the void left by what actually did happen.

Accordingly, we sustain the point of error, reverse the judgment and remand the matter to the trial court for a new trial.

Brian Quinn
Chief Justice

Publish.