

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–1161–11

**BILLY DON MENEFIELD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### WHEELER COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

The only evidence proffered by the State that showed the presence of a controlled

substance was a lab report. However, the author of the report, Murphy, was not called to

testify. The defense did not object to the admission of the evidence despite the fact that

admitting it violated the Confrontation Clause.[1] Appellant appealed his conviction for

possession of a controlled substance on the grounds that he received ineffective assistance

---

[1]Defense counsel and the trial court must be oblivious to the rules of evidence regarding business records.

of counsel. The court of appeals used the correct standard, but could not come up with a strategy that would make sense for why the attorney in this case would not object to the State's proffer of inadmissible evidence. *Menefield v. State*, 343 S.W.3d 553, 555 (Tex. App–Amarillo 2011). And, since there was no other evidence indicating that the residue in question was a controlled substance, the attorney's deficient performance harmed Appellant. *Id*.

The majority does not even consider the court of appeals' opinion and does not say how the court of appeals erred. Rather, the majority does a de novo review and determines that "perhaps the State could (and with an objection would) have brought Murphy to the courtroom to testify, and counsel realized that cross-examining Murphy would not benefit his client." Maj. op. at 4. *Perhaps* the majority is just supposing. In its brief, this is what the State said was the issue with the court of appeals' opinion:

> From this trial record, one could conclude there were legitimate and professionally sound reasons for counsel's conduct. Because the record does not contain specific explanations for counsel's decisions, the court should not reverse for ineffective assistance of counsel. Under *Strickland*, the appellant must prove, by a preponderance of the evidence, that there is, in fact, no plausible reason for a specific fact or omission. Appellant has not met his burden of showing that his trial counsel's decisions were so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. Appellant has failed to prove the first prong of *Strickland*. Accordingly, the court of appeals erred in finding the appellant's trial counsel ineffective.

(citations omitted). However, the burden has shifted to the State in this scenario, because the State brought this appeal to us attempting to show that the court of appeals erred.

Obviously, the State is nowhere near refuting the court of appeals' opinion. The court of appeals follows the directive of our opinion in *Andrews*, which states:

> This is a rare case. This is a case in which the appellant has raised a claim of ineffective assistance of counsel on direct appeal *and* the record is sufficient for us to make a decision on the merits. Because we conclude that the record is sufficient to conclude that counsel's performance was deficient and that the appellant was prejudiced by counsel's failure to object to the prosecutor's misstatement of law, we reverse the judgment of the Court of Appeals and remand for a new punishment hearing.

*Andrews v. State*, 159 S.W.3d 98, 103-104 (Tex. Crim. App 2005). The same is true here.[2] There is no logical reason or reasonable strategy for counsel's failure to object to clearly inadmissible evidence that was the only evidence supporting his client's conviction.[3] As the court of appeals stated, "Indeed, if the report were excluded, and given the absence from the record of all other evidence establishing the presence of a controlled substance, no rational jury could have convicted appellant for possessing cocaine." *Menefield*, 343 S.W.3d at 555. I think the court of appeals got it right, and I disagree with the majority's de novo review of this case. Therefore, I respectfully dissent.

Meyers, J.

---

[2]It looks like the dissenters in *Andrews* have decided to overrule that case rather than distinguish it from this one.

[3]The defendant is now going to prison for *12 years* for possessing *residue* of a controlled substance because his attorney apparently was asleep at the wheel. Even if we upheld the court of appeals' opinion, the State would have been able to retry the defendant. Obviously the defendant's lawyer allowed his client to get convicted due to his omission.

Filed: April 18, 2012

Publish