IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1161-11






BILLY DON MENEFIELD, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


WHEELER COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION



 The only evidence proffered by the State that showed the presence of a controlled
substance was a lab report. However, the author of the report, Murphy, was not called to
testify. The defense did not object to the admission of the evidence despite the fact that
admitting it violated the Confrontation Clause. (1) Appellant appealed his conviction for
possession of a controlled substance on the grounds that he received ineffective assistance
of counsel. The court of appeals used the correct standard, but could not come up with a
strategy that would make sense for why the attorney in this case would not object to the
State's proffer of inadmissible evidence. Menefield v. State, 343 S.W.3d 553, 555 (Tex.
App-Amarillo 2011). And, since there was no other evidence indicating that the residue
in question was a controlled substance, the attorney's deficient performance harmed
Appellant. Id.

 The majority does not even consider the court of appeals' opinion and does not say
how the court of appeals erred. Rather, the majority does a de novo review and
determines that "perhaps the State could (and with an objection would) have brought
Murphy to the courtroom to testify, and counsel realized that cross-examining Murphy
would not benefit his client." Maj. op. at 4. Perhaps the majority is just supposing. In its
brief, this is what the State said was the issue with the court of appeals' opinion:

 From this trial record, one could conclude there were legitimate and
professionally sound reasons for counsel's conduct. Because the record
does not contain specific explanations for counsel's decisions, the court
should not reverse for ineffective assistance of counsel. Under Strickland,
the appellant must prove, by a preponderance of the evidence, that there is,
in fact, no plausible reason for a specific fact or omission. Appellant has
not met his burden of showing that his trial counsel's decisions were so
deficient and so lacking in tactical or strategic decision-making as to
overcome the presumption that counsel's conduct was reasonable and
professional. Appellant has failed to prove the first prong of Strickland. 
Accordingly, the court of appeals erred in finding the appellant's trial
counsel ineffective.


(citations omitted). However, the burden has shifted to the State in this scenario, because
the State brought this appeal to us attempting to show that the court of appeals erred. 
Obviously, the State is nowhere near refuting the court of appeals' opinion. The court of
appeals follows the directive of our opinion in Andrews, which states: 

 This is a rare case. This is a case in which the appellant has raised a claim
of ineffective assistance of counsel on direct appeal and the record is
sufficient for us to make a decision on the merits. Because we conclude that
the record is sufficient to conclude that counsel's performance was deficient
and that the appellant was prejudiced by counsel's failure to object to the
prosecutor's misstatement of law, we reverse the judgment of the Court of
Appeals and remand for a new punishment hearing.


Andrews v. State, 159 S.W.3d 98, 103-104 (Tex. Crim. App 2005). The same is true
here. (2) There is no logical reason or reasonable strategy for counsel's failure to object to
clearly inadmissible evidence that was the only evidence supporting his client's
conviction. (3) As the court of appeals stated, "Indeed, if the report were excluded, and
given the absence from the record of all other evidence establishing the presence of a
controlled substance, no rational jury could have convicted appellant for possessing
cocaine." Menefield, 343 S.W.3d at 555. I think the court of appeals got it right, and I
disagree with the majority's de novo review of this case. Therefore, I respectfully dissent.


 Meyers, J.


Filed: April 18, 2012

Publish
1. Defense counsel and the trial court must be oblivious to the rules of evidence regarding
business records. 
2. It looks like the dissenters in Andrews have decided to overrule that case rather than
distinguish it from this one.
3. The defendant is now going to prison for 12 years for possessing residue of a controlled
substance because his attorney apparently was asleep at the wheel. Even if we upheld the court
of appeals' opinion, the State would have been able to retry the defendant. Obviously the
defendant's lawyer allowed his client to get convicted due to his omission.