

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1161-11

**BILLY DON MENEFIELD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### WHEELER COUNTY

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. MEYERS, J., filed a dissenting opinion. JOHNSON, J., concurred.

A laboratory report was admitted into evidence, but the analyst who conducted the test and prepared the report did not testify. We hold that the defendant's trial counsel has not been shown to have performed deficiently in failing to object to the report on Confrontation Clause grounds when the record does not contain counsel's reasons for failing to object and does not establish whether the analyst could or would have testified if an objection had been lodged.

## I. BACKGROUND

Appellant was charged with possessing cocaine in an amount less than one gram. At trial, the State introduced a laboratory report showing that a trace amount of cocaine had been found in a pipe taken from appellant. The sponsoring witness for the report was Brandon Conrad, the manager of the Texas Department of Public Safety laboratory. But the drug testing had been conducted, and the report had been prepared, by Roy Murphy, the previous supervisor of the crime lab. Murphy was never called to testify. The report was the only evidence of appellant's cocaine possession.

Before the report was admitted, defense counsel questioned Conrad about who conducted the test and what procedure was used. At the conclusion of this questioning, defense counsel stated that he had no objection to the admission of the report. The propriety of defense counsel's failure to object was not explored at trial, nor was the issue raised in a motion for new trial.

On appeal, appellant contended that defense counsel's failure to object to the report constituted ineffective assistance. The court of appeals agreed, finding that the report was inadmissible under the Supreme Court's Confrontation Clause jurisprudence[1] and concluding that it could "imagine no reasonable trial strategy for [defense counsel's] remaining silent."[2]

## II. ANALYSIS

In its petition for discretionary review, the State contends that the court of appeals erred in

---

[1] *See Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527 (2009).

[2] *Menefield v. State*, 343 S.W.3d 553, 555-56 (Tex. App.–Amarillo 2011).

determining that "the record on direct appeal was sufficient to find trial counsel ineffective under *Strickland v. Washington*[3] where counsel's actions could have been based on reasonable strategy." We agree.

For a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant.[4] An ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim.[5] "Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped."[6] This statement is true with regard to the "deficient performance" prong of the inquiry, when counsel's reasons for failing to do something do not appear in the record.[7] Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective."[8] If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."[9]

The reason that the laboratory report in this case was inadmissible is that Murphy, its author,

---

[3]  466 U.S. 668 (1984).

[4]  *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

[5]  *Id.* (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

[6]  *Id.*

[7]  *Id.*

[8]  *Id.* (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)).

[9]  *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

had not been called to testify.[10]  We do not know why counsel failed to raise a Confrontation Clause objection because the record is silent on the matter.  Perhaps there was no good reason, and counsel's conduct was deficient.  Or perhaps the State could (and with an objection would)  have brought Murphy to the courtroom to testify, and counsel realized that cross-examining Murphy would not benefit his client.   Neither trial counsel nor the State have been given an opportunity respond to appellant's allegation.   Consequently, we conclude that the record fails to show deficient performance.

We reverse the judgment of the court of appeals and remand this cause to that court to consider appellant's remaining claims.

Delivered: April 18, 2012
Publish

---

[10]  *See Melendez-Diaz*, 129 S.Ct. at 2532 (When affidavits prepared by drug analysts were admitted at trial, the "petitioner was entitled to be confronted with the analysts at trial.").