IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1161-11






BILLY DON MENEFIELD, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


WHEELER COUNTY





 Keller, P.J., delivered the opinion of the Court in which Price,
Womack, Keasler, Hervey, Cochran, and Alcala, JJ., joined. Meyers, J., filed a
dissenting opinion. Johnson, J., concurred.






 A laboratory report was admitted into evidence, but the analyst who conducted the test and
prepared the report did not testify. We hold that the defendant's trial counsel has not been shown
to have performed deficiently in failing to object to the report on Confrontation Clause grounds when
the record does not contain counsel's reasons for failing to object and does not establish whether the
analyst could or would have testified if an objection had been lodged.

I. BACKGROUND


 Appellant was charged with possessing cocaine in an amount less than one gram. At trial,
the State introduced a laboratory report showing that a trace amount of cocaine had been found in
a pipe taken from appellant. The sponsoring witness for the report was Brandon Conrad, the
manager of the Texas Department of Public Safety laboratory. But the drug testing had been
conducted, and the report had been prepared, by Roy Murphy, the previous supervisor of the crime
lab. Murphy was never called to testify. The report was the only evidence of appellant's cocaine
possession.

 Before the report was admitted, defense counsel questioned Conrad about who conducted the
test and what procedure was used. At the conclusion of this questioning, defense counsel stated that
he had no objection to the admission of the report. The propriety of defense counsel's failure to
object was not explored at trial, nor was the issue raised in a motion for new trial.

 On appeal, appellant contended that defense counsel's failure to object to the report
constituted ineffective assistance. The court of appeals agreed, finding that the report was
inadmissible under the Supreme Court's Confrontation Clause jurisprudence (1) and concluding that
it could "imagine no reasonable trial strategy for [defense counsel's] remaining silent." (2)

II. ANALYSIS


 In its petition for discretionary review, the State contends that the court of appeals erred in
determining that "the record on direct appeal was sufficient to find trial counsel ineffective under
Strickland v. Washington (3) where counsel's actions could have been based on reasonable strategy." 
We agree.

 For a claim of ineffective assistance of counsel to succeed, the record must demonstrate both
deficient performance by counsel and prejudice suffered by the defendant. (4) An ineffective-assistance
claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the
meritorious nature of the claim. (5) "Direct appeal is usually an inadequate vehicle for raising such a
claim because the record is generally undeveloped." (6) This statement is true with regard to the
"deficient performance" prong of the inquiry, when counsel's reasons for failing to do something do
not appear in the record. (7) Trial counsel "should ordinarily be afforded an opportunity to explain his
actions before being denounced as ineffective." (8) If trial counsel is not given that opportunity, then
the appellate court should not find deficient performance unless the challenged conduct was "so
outrageous that no competent attorney would have engaged in it." (9)

 The reason that the laboratory report in this case was inadmissible is that Murphy, its author,
had not been called to testify. (10) We do not know why counsel failed to raise a Confrontation Clause
objection because the record is silent on the matter. Perhaps there was no good reason, and counsel's
conduct was deficient. Or perhaps the State could (and with an objection would) have brought
Murphy to the courtroom to testify, and counsel realized that cross-examining Murphy would not
benefit his client. Neither trial counsel nor the State have been given an opportunity respond to
appellant's allegation. Consequently, we conclude that the record fails to show deficient
performance.

 We reverse the judgment of the court of appeals and remand this cause to that court to
consider appellant's remaining claims. 


Delivered: April 18, 2012

Publish
1. See Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009).
2. Menefield v. State, 343 S.W.3d 553, 555-56 (Tex. App.-Amarillo 2011).
3. 466 U.S. 668 (1984).
4. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).
5. Id. (quoting Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).
6. Id.
7. Id.
8. Id. (quoting Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)).
9. Id. (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).
10. See Melendez-Diaz, 129 S.Ct. at 2532 (When affidavits prepared by drug analysts were
admitted at trial, the "petitioner was entitled to be confronted with the analysts at trial.").