**Jimmy Earl DUTY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–11–0470–CR.**

Court of Appeals of Texas,
Amarillo,
Panel D.

April 30, 2012.

Harley D. Caudle, Claude Law Office, Amarillo, TX, for Appellant.

Luke McLean Inman, District Attorney, Wellington, TX, for Appellee.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

## Opinion

BRIAN QUINN, Chief Justice.

Jimmy Earl Duty (appellant) appeals a judgment adjudicating him guilty of possession of a controlled substance and sentencing him to twenty-two months in a state jail. Through a single issue, appellant contends that he received ineffective assistance of counsel at his adjudication hearing. We affirm.

Appellant's issue is overruled for the simple reason that the record contains no evidence evincing why defense counsel did that of which he was accused of doing. Nor does it illustrate that the State had an opportunity to show what it would have done had defense counsel invoked the rule or objected to appellant's probation officer testifying about whether appellant was a candidate for continued probation. Those circumstances seem to be conclusive given our Court of Criminal Appeals' recent decision in *Menefield v. State*, 363 S.W.3d 591 (Tex.Crim.App.2012).

It may well be that no one can conceive of any reasonable trial strategy underlying counsel's action or inaction. Indeed, we could find none in *Menefield v. State*, 343 S.W.3d 553 (Tex.App.-Amarillo 2011), *rev'd*, 363 S.W.3d 591 (Tex.Crim.App.2012) (holding that no reasonable trial strategy existed to warrant counsel's failure to object to inadmissible evidence compromising the only evidence of guilt). And, it was for that reason we followed precedent from the Court of Criminal Appeals that required evidence of counsel's motivations unless there could be no viable motive. *See Andrews v. State*, 159 S.W.3d 98, 103–04 (Tex.Crim.App.2005) (so stating the test); *see also Menefield v. State*, 363

S.W.3d at 593 (Tex.Crim.App.2012) (dissent) (discussing the same topic and the majority's failure to address its own precedent requiring no proof of counsel's motivation if no reasonable strategy could exist). Now, it appears that defense counsel must be given an opportunity to explain his conduct in all cases and the State be given a chance to respond. *See Menefield v. State, supra* (stating "[t]he reason that the laboratory report in this case was inadmissible is that Murphy, its author, had not been called to testify. We do not know why counsel failed to raise a Confrontation Clause objection because the record is silent on the matter. Perhaps there was no good reason, and counsel's conduct was deficient. Or perhaps the State could (and with an objection would) have brought Murphy to the courtroom to testify, and counsel realized that cross-examining Murphy would not benefit his client. Neither trial counsel nor the State have been given an opportunity to respond to appellant's allegation. Consequently, we conclude that the record fails to show deficient performance").

Accordingly, the judgment is affirmed.