NO. 07-11-0470-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 30, 2012
_____

JIMMY EARL DUTY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 5307; HON. STUART MESSER, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jimmy Earl Duty (appellant) appeals a judgment adjudicating him guilty of possession of a controlled substance and sentencing him to twenty-two months in a state jail. Through a single issue, appellant contends that he received ineffective assistance of counsel at his adjudication hearing. We affirm.

Appellant's issue is overruled for the simple reason that the record contains no evidence evincing why defense counsel did that of which he was accused of doing. Nor

does it illustrate that the State had an opportunity to show what it would have done had defense counsel invoked the rule or objected to appellant's probation officer testifying about whether appellant was a candidate for continued probation. Those circumstances seem to be conclusive given our Court of Criminal Appeals' recent decision in *Menefield v. State*, No. PD-1161-11, 2012 Tex. Crim. App. LEXIS 335 (Tex. Crim. App. April 18, 2012).

It may well be that no one can conceive of any reasonable trial strategy underlying counsel's action or inaction. Indeed, we could find none in *Menefield v. State,* 343 S.W.3d 553 (Tex. App.–Amarillo 2011), *rev'd,* No. PD-1161-11, 2012 Tex. Crim. App. LEXIS 335 (Tex. Crim. App. April 18, 2012) (holding that no reasonable trial strategy existed to warrant counsel's failure to object to inadmissible evidence compromising the only evidence of guilt). And, it was for that reason we followed precedent from the Court of Criminal Appeals that required evidence of counsel's motivations unless there could be no viable motive. *See Andrews v. State*, 159 S.W.3d 98, 103-04 (Tex. Crim. App. 2005) (so stating the test); *see also Menefield v. State*, No. PD-1161-11, 2012 Tex. Crim. App. LEXIS 335 (Tex. Crim. App. April 18, 2012) (dissent) (discussing the same topic and the majority's failure to address its own precedent requiring no proof of counsel's motivation if no reasonable strategy could exist). Now, it appears that defense counsel must be given an opportunity to explain his conduct in *all* cases and the State be given a chance to respond. *See Menefield v. State, supra* (stating "[t]he reason that the laboratory report in this case was inadmissible is that Murphy, its author, had not been called to testify. We do not know why counsel failed to raise a Confrontation Clause objection because the record is silent on the matter.

2

Perhaps there was no good reason, and counsel's conduct was deficient.  Or perhaps the State could (and with an objection would) have brought Murphy to the courtroom to testify, and counsel realized that cross-examining Murphy would not benefit his client. Neither trial counsel nor the State have been given an opportunity to respond to appellant's allegation.  Consequently, we conclude that the record fails to show deficient performance").

       Accordingly, the judgment is affirmed.


                    Brian Quinn
                    Chief Justice


Publish.