**Opinion issued June 21, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00401-CR

————————————

**DONNY MILES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 12**
**Harris County, Texas**
**Trial Court Case No. 1696082**

---

## MEMORANDUM OPINION

A jury convicted Appellant Donny Miles of driving while intoxicated. TEX.

PENAL CODE ANN. § 49.04 (West 2011) (establishing offense). He pleaded "true"

to a prior DWI conviction, and the court sentenced him to 280 days in jail with

credit for 11 days already served. Miles's sole issue on appeal is that his trial counsel rendered ineffective assistance by failing to object to the admission of a toxicology report and related testimony on the ground that the sponsoring witness did not personally perform the underlying tests or prepare the report. We affirm.

## Background

Miles was arrested for driving while intoxicated after he was discovered in the driver's seat of a car that had been driven into a roadside ditch. After being transported to the Jersey Village police station, Miles refused to provide a blood sample. A Harris County Sheriff's Department deputy obtained a judicial warrant to take a sample of Miles's blood. Because Miles indicated that he would resist despite the warrant, several deputies physically held him down in a chair as a nurse drew two vials of blood.

At trial, Dr. A. Mozayani of the Harris County Institute of Forensic Sciences, a toxicology laboratory, testified about tests that were performed on Miles's blood. Dr. Mozayani testified that she was the "administrative reviewer" for Miles's case and that she personally reviewed and signed off on his test results. A separate "technical reviewer" also signed off on the results. Dr. Mozayani did not explain the difference in responsibilities between a "technical reviewer" and an "administrative reviewer," nor did she explain what her review specifically entailed or whether she personally participated in the underlying tests. She did

2

explain, however, that each person working in the laboratory has a different specialty such that each person tests for a different substance. During her testimony, the State offered into evidence a toxicology report signed by her which reflected the test results. Miles's trial counsel stated that he had no objection, and the trial court admitted the report. Dr. Mozayani testified that tests performed upon Miles's samples revealed an alcohol concentration of 0.18 grams per 100 millimeters, above Texas's "legal limit" for driving under the influence of alcohol of 0.08 grams per 100 millimeters. The samples also tested positive for tetrahydrocannabinol, or T.H.C., the active agent in marijuana.

The jury convicted Miles of driving while intoxicated, and the court sentenced him to 280 days in jail with credit for 11 days already served. In addition to filing a notice of appeal, Miles filed a motion for new trial arguing that he was actually innocent because his friend, whom police interviewed at the scene of his arrest, was driving when the car went into the ditch. The motion did not argue that Miles's trial counsel had rendered ineffective assistance. The appellate record does not reflect that the trial court held a hearing or ruled upon the motion.

**Analysis**

In his sole issue, Miles contends that his trial counsel was ineffective for failing to object to the admission of the toxicology report and Dr. Mozayani's testimony. He argues that the report and testimony were inadmissible under the

3

Confrontation Clause because there was no evidence that Dr. Mozayani personally prepared, observed, or otherwise participated in testing Miles's blood. Miles relies on *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S. Ct. 2527 (2009), for the proposition that a criminal defendant has an absolute right to confront any analyst who prepares an incriminating forensic report. He also relies on *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), which was issued by the United States Supreme Court shortly after his trial, for the proposition that a laboratory supervisor is not a constitutionally adequate "surrogate" for the analyst who actually participated in or observed the testing that led to the incriminating forensic report. Miles argues that the failure to object to the toxicology report and Dr. Mozayani's testimony could not have been a reasonable trial strategy because it relieved the State of its burden of proving that Miles was intoxicated.

In response, the State argues that this case is distinguishable from *Melendez-Diaz* and *Bullcoming* because Dr. Mozayani was the administrative reviewer of the toxicology report and provided at trial her own independent opinion based upon that report. The State also points out that defense counsel's performance can only be measured by the settled law at the time of trial and that *Bullcoming* was issued after Miles's trial. Alternatively, the State argues that Miles's defense at trial was not that the State failed to prove that he was intoxicated, but rather that the State

4

failed to prove that he was "operating" the car, and therefore the admission of the toxicology report did not harm Miles given his defense strategy.

The standard of review for ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984), and *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To prevail, Miles must first show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Bone*, 77 S.W.3d at 833. "Specifically, appellant must prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms." *Bone*, 77 S.W.3d at 833. "Second, appellant must show that this deficient performance prejudiced his defense," meaning that Miles "must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)). "A 'reasonable probability' is one sufficient to undermine confidence in the outcome." *Id.* Thus, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S. Ct. at 2064. "Any allegation of ineffectiveness must be firmly founded in the record, and the record must

5

affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In briefing to this court, Miles analogized his case to *Menefield v. State*, 343 S.W.3d 553 (Tex. App.—Amarillo 2011), which had a petition for discretionary review pending at the time his brief was filed, and has since been reversed, 363 S.W.3d 591 (Tex. Crim. App. 2012). In that case, Menefield was charged with possession of less than one gram of cocaine. *Menefield*, 363 S.W.3d at 592. At trial, the State introduced as a "business record" a laboratory report showing that the substance found in Menefield's pipe was cocaine. *Id.*; *see also Menefield*, 343 S.W.3d at 554. A laboratory manager sponsored the report, but the person who actually tested the substance and prepared the report did not testify at trial. *Menefield*, 363 S.W.3d at 592. Defense counsel questioned the laboratory manager about who conducted the test and what procedure was used, but he stated at the end of questioning that he had no objection to admitting the report. *Id.* The report was the only evidence that Menefield had possessed a controlled substance. *Id.* He was convicted of the offense. *Menefield*, 343 S.W.3d at 554.

Menefield argued on appeal that he had received ineffective assistance of counsel because his lawyer had failed to object to the admission of the laboratory's drug report. *Id.* The court of appeals agreed, observing that had defense counsel objected to the report, the trial court would have erred in admitting it because the

6

witness sponsoring the report did not prepare it or perform his own analysis of the material. *Id.* at 555. It reasoned that "if the report were excluded, and given the absence from the record of all other evidence establishing the presence of a controlled substance, no rational jury could have convicted appellant for possessing cocaine." *Id.* Unable to imagine any reasonable trial strategy for remaining silent under those circumstances, the court of appeals reversed the judgment. *Id.* at 556. Based upon the decision by the court of appeals in *Menefield*, Miles argued that this court should likewise reverse the judgment against him because "the admission of the forensic report relieved the State of its burden to prove the element of 'intoxication' and deprived Miles of his ability to contest the central issue in his case."

The Court of Criminal Appeals subsequently announced its opinion in *Menefield*. *See Menefield*, 363 S.W.3d at 591–93. The Court reiterated that ineffective assistance must be firmly founded in the record. *Id.* at 592. It further stated that defense counsel should ordinarily be given the opportunity to explain his actions, and if he is not given such an opportunity, "then the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id.* at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). The Court explained:

7

> The reason that the laboratory report in this case was inadmissible is that Murphy, its author, had not been called to testify. We do not know why counsel failed to raise a Confrontation Clause objection because the record is silent on the matter. Perhaps there was no good reason, and counsel's conduct was deficient. Or perhaps the State could (and with an objection would) have brought Murphy to the courtroom to testify, and counsel realized that cross-examining Murphy would not benefit his client. Neither trial counsel nor the State have been given an opportunity [to] respond to appellant's allegation. Consequently, we conclude that the record fails to show deficient performance.

*Id.* (footnote omitted). The Court reversed the judgment of the court of appeals and remanded the case to consider Menefield's remaining issues on appeal. *Id.*

As in *Menefield*, in this case there is no indication in the record why Miles's counsel did not object to the admission of the toxicology report and Dr. Mozayani's testimony. It is therefore possible that his trial counsel realized that had he objected, the State could and would have called the laboratory personnel who tested the blood samples—if Dr. Mozayani, as the administrative reviewer, did not test them herself—or his counsel realized that cross-examining witnesses about the report would not have benefited Miles's defense. *See id.* In the absence of a record reflecting why Miles's counsel did not object, we hold that the record does not firmly establish deficient performance. *See id.*; *Thompson*, 9 S.W.3d at 813. We further hold that the professional error, if any, was not so outrageous that

8

no competent attorney would have engaged in it. *See Menefield*, 363 S.W.3d at 593.

We overrule Miles's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).