**Affirmed and Memorandum Opinion filed May 29, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00466-CR

**NAPOLEON BUSH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 66141**

## M E M O R A N D U M    O P I N I O N

Appellant Napoleon Bush challenges his conviction for theft,[1] asserting (1) the evidence is insufficient to support the conviction, and (2) he received ineffective assistance of counsel. We affirm.

---

[1] *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2013).

# I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2011, Andrea Gonzalez was acting as the general merchandise manager of a Kroger grocery store in Pearland. She saw appellant and two women walking down the frozen food aisle inside the store with a cart containing groceries that were in store bags as if the items already had been purchased. Gonzalez testified that she viewed the incident as unusual because customers typically do not continue to walk around inside the store with their groceries after they have been purchased and bagged. One of the women left the store and the other woman took items out of the cart and paid for them in the self-checkout line. Gonzalez notified the store manager, John Tolentino, and positioned herself at a store exit. Gonzalez testified that if appellant tried to leave the store without going through the checkout line, she planned to ask appellant if he had a receipt for the groceries. Tolentino positioned himself at a different store exit for the same purpose.

The woman who had purchased items in the self-checkout line returned to appellant and placed her groceries inside the cart. As appellant and the woman walked through Tolentino's exit, he asked appellant to produce a receipt for the other groceries in the cart. Appellant replied that his wife had the receipt. One of appellant's female companions looked in her purse, but did not have a receipt. Tolentino asked appellant to produce a receipt, and told appellant if they were wrong and appellant had a receipt, they would give appellant a $20 gift card. Appellant was unable to produce a receipt.

Tolentino called the police. After the police arrived, Tolentino reviewed the video from the store's video cameras. Tolentino could not find any images of appellant purchasing the groceries, nor did he see appellant enter the store with a cart full of bagged groceries. When Tolentino questioned the cashiers working at the registers at that time, including the attendant at the self-checkout station, each

2

reported not remembering appellant making a purchase or going through their register line.

Officer Ryden Cohen with the Pearland Police Department spoke with appellant, who explained that he and his wife were shopping at Kroger, where they purchased the items in question at one of the registers. Appellant said because he and his wife were arguing, he left with the cart of groceries and walked over to the Starbucks café in the store to "cool off." Appellant's wife purchased three bags of groceries at the self-checkout, placed them in the cart, and they walked out. Appellant said he thought he paid for the rest of the groceries, but could not remember, and could not produce a receipt. After Cohen and another officer spoke with appellant, his companion, and the managers, the officers determined that appellant had attempted to steal the groceries, and they arrested him.

At trial, Adrienne Koontz, appellant's common-law wife, testified that she and appellant got into an argument while grocery shopping. She paid for her groceries, and assumed appellant paid for his groceries. She testified that, in her opinion, an honest mistake was made.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue appellant contends the evidence is insufficient to establish his guilt beyond a reasonable doubt. In evaluating a sufficiency challenge, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (*citing Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly

3

resolve conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id*. When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

To establish the charged offense, the State had to prove that (1) appellant unlawfully appropriated property with intent to deprive the owner of the property; (2) the value of the property stolen was less than $1,500; and (3) appellant previously had been convicted two or more times of any grade of theft. Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2013).

Tolentino and Gonzalez testified they saw appellant with bags of groceries in his cart while walking inside the store. Appellant was unable to produce a receipt for the groceries when asked. Tolentino testified that video surveillance did not show that appellant went through a checkout station to pay for the groceries. According to Tolentino, the groceries had a total value of $92.60, and, when scanned, reflected that they belonged to Kroger. Tolentino testified, as Kroger's representative, he did not give appellant consent to take the groceries. The parties stipulated that appellant had three prior convictions for theft.

Viewing the record evidence in the light most favorable to the verdict, we conclude that a rational jury could have found that appellant, acting with the intent to deprive the owner of the groceries, unlawfully appropriated the property, the value of the property was less than $1500, and appellant had been previously convicted two or more times of theft. Accordingly, we overrule appellant's first issue.

4

## III. INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIM

In his second issue appellant contends his trial counsel rendered ineffective assistance by failing to assert appellant's right of confrontation and cross-examination and by failing to object to damaging hearsay.

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (West Supp. 2013). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 688–92. Moreover, appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In assessing appellant's claims, we apply a strong presumption that trial counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d

98, 103 (Tex. Crim. App. 2005). On such a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Appellant did not file a motion for new trial in this case.

Appellant contends that trial counsel rendered ineffective assistance by failing to object to hearsay statements made by Tolentino and Officer Cohen. Appellant also contends counsel erred in failing to assert appellant's rights to confrontation and cross-examination.

Specifically, appellant contends his trial counsel should have objected to the following testimony from Tolentino:

> Q. I mean, is it possible that the defendant had gone through and checked out with one of the cashiers and just had lost the receipt between the checkout stand and the —
>
> A. Now that you brought that up, I do remember asking — asking each employee if they remember him going through.
>
> * * * * *
>
> A. They all claim that they did not have that — that person go through the — the registers.

Appellant further contends his counsel should have objected to the following testimony by Officer Cohen:

> A. By the end of the investigation speaking to both witnesses, speaking to — to him regarding what his story was, speaking to the other officer who at the time advised that he — while I was speaking to the other — the — John [Tolentino] and Andrea [Gonzalez], he was speaking to [appellant] and he advised that the story that I told — the other officer advised the story that I told him, that [appellant] had advised me was nothing close to what [appellant] had just told him, also.

6

Appellant argues that by failing to object to the above hearsay statements, counsel permitted inadmissible evidence to be introduced in a "largely circumstantial" case. Appellant argues that without the hearsay testimony, the only evidence in the record that appellant failed to pay for his groceries was appellant's inability to produce a receipt.

These failures to object to potentially inadmissible testimony are not sufficient, in themselves, to constitute deficient performance. *See Thompson*, 9 S.W.3d at 814 (holding presumption of strategy not rebutted when record was "silent as to why appellant's trial counsel failed to object to the State's persistent attempts to elicit inadmissible hearsay"). Plausible professional reasons exist for not objecting to hearsay. There may have been strategic reasons for not objecting in these instances, but we may not speculate on counsel's motives in the face of a silent record. *See id.*; *see also Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (declining to speculate on various failures to object to admission of evidence).

With regard to counsel's failure to assert appellant's rights under the Confrontation Clause, we note that in *Menefield v. State,* the Court of Criminal Appeals reiterated that ineffective assistance with regard to admission of evidence must be firmly founded in the record. 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). In that case, Menefield argued on appeal that he had received ineffective assistance of counsel because his lawyer had failed to object to the admission of a laboratory drug report on Confrontation Clause grounds. *Menefield v. State*, 343 S.W.3d 553, 554 (Tex. App.—Amarillo 2011). The court of appeals agreed, observing that had defense counsel objected to the report, the trial court would have erred in admitting it because the witness sponsoring the report did not prepare it or perform his own analysis of the material. *Id.* at 555. The Court of Criminal

Appeals reversed the court of appeals, emphasizing that defense counsel ordinarily should be given the opportunity to explain his actions, and if he is not given such an opportunity, "the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Menefield*, 363 S.W.3d at 593, *quoting Goodspeed*, 187 S.W.3d at 392. The *Menefield* court explained:

> The reason that the laboratory report in this case was inadmissible is that Murphy, its author, had not been called to testify. We do not know why counsel failed to raise a Confrontation Clause objection because the record is silent on the matter. Perhaps there was no good reason, and counsel's conduct was deficient. Or perhaps the State could (and with an objection would) have brought Murphy to the courtroom to testify, and counsel realized that cross-examining Murphy would not benefit his client. Neither trial counsel nor the State have been given an opportunity [to] respond to appellant's allegation. Consequently, we conclude that the record fails to show deficient performance.

*Menefield*, 363 S.W.3d at 593. (footnote omitted).

As in *Menefield*, in this case there is no indication why appellant's trial counsel did not assert appellant's right to confront and cross-examine the cashiers or the other police officer. On this record, to find appellant's counsel ineffective, we would have to engage in prohibited speculation. *See Stults v. State*, 23 S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Absent evidence of counsel's trial strategy, we cannot denounce counsel's actions as ineffective nor can we determine that there is a reasonable probability that the outcome would have been different. *See Bone*, 77 S.W.3d at 836. For this reason, appellant has not met either prong of the *Strickland* test. *See id*. Therefore, we overrule appellant's second issue.

8

The trial court's judgment is affirmed.


                       /s/      Kem Thompson Frost
                              Chief Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).