**Billy Don MENEFIELD, Appellant,**

v.

**The STATE of Texas.**

**No. PD–1161–11.**

Court of Criminal Appeals of Texas.

April 18, 2012.

---

5. *Id.* at 799.

Jeffrey T. Jones, Pampa, for Appellant.

Jeromie Oney, Asst. D.A., Pampa, Lisa C. McMinn, State's Attorney, Austin, for State.

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined.

A laboratory report was admitted into evidence, but the analyst who conducted the test and prepared the report did not testify. We hold that the defendant's trial counsel has not been shown to have performed deficiently in failing to object to the report on Confrontation Clause grounds when the record does not contain counsel's reasons for failing to object and does not establish whether the analyst could or would have testified if an objection had been lodged.

## I. BACKGROUND

Appellant was charged with possessing cocaine in an amount less than one gram. At trial, the State introduced a laboratory report showing that a trace amount of cocaine had been found in a pipe taken from appellant. The sponsoring witness for the report was Brandon Conrad, the manager of the Texas Department of Public Safety laboratory. But the drug testing had been conducted, and the report had been prepared, by Roy Murphy, the previous supervisor of the crime lab. Murphy was never called to testify. The report was the only evidence of appellant's cocaine possession.

Before the report was admitted, defense counsel questioned Conrad about who conducted the test and what procedure was used. At the conclusion of this questioning, defense counsel stated that he had no objection to the admission of the report. The propriety of defense counsel's failure to object was not explored at trial, nor was the issue raised in a motion for new trial.

On appeal, appellant contended that defense counsel's failure to object to the report constituted ineffective assistance. The court of appeals agreed, finding that the report was inadmissible under the Supreme Court's Confrontation Clause jurisprudence [1] and concluding that it could "imagine no reasonable trial strategy for [defense counsel's] remaining silent." [2]

## II. ANALYSIS

In its petition for discretionary review, the State contends that the court of appeals erred in determining that "the record on direct appeal was sufficient to find trial counsel ineffective under *Strickland v. Washington* [3] where counsel's actions could have been based on reasonable strategy." We agree.

For a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant.[4] An ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim.[5] "Direct appeal is usually an inadequate vehicle for raising such a claim

---

1. *See Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009).

2. *Menefield v. State*, 343 S.W.3d 553, 555–56 (Tex.App.-Amarillo 2011).

3. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

4. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App.2005).

5. *Id.* (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999)).

because the record is generally undeveloped."[6] This statement is true with regard to the "deficient performance" prong of the inquiry, when counsel's reasons for failing to do something do not appear in the record.[7] Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective."[8] If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."[9]

The reason that the laboratory report in this case was inadmissible is that Murphy, its author, had not been called to testify.[10] We do not know why counsel failed to raise a Confrontation Clause objection because the record is silent on the matter. Perhaps there was no good reason, and counsel's conduct was deficient. Or perhaps the State could (and with an objection would) have brought Murphy to the courtroom to testify, and counsel realized that cross-examining Murphy would not benefit his client. Neither trial counsel nor the State have been given an opportunity respond to appellant's allegation. Consequently, we conclude that the record fails to show deficient performance.

We reverse the judgment of the court of appeals and remand this cause to that court to consider appellant's remaining claims.

MEYERS, J., filed a dissenting opinion.

JOHNSON, J., concurred.

6. *Id.*

7. *Id.*

8. *Id.* (quoting *Rylander v. State,* 101 S.W.3d 107, 111 (Tex.Crim.App.2003)).

9. *Id.* (quoting *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App.2001)).

MEYERS, J., dissenting.

The only evidence proffered by the State that showed the presence of a controlled substance was a lab report. However, the author of the report, Murphy, was not called to testify. The defense did not object to the admission of the evidence despite the fact that admitting it violated the Confrontation Clause.[1] Appellant appealed his conviction for possession of a controlled substance on the grounds that he received ineffective assistance of counsel. The court of appeals used the correct standard, but could not come up with a strategy that would make sense for why the attorney in this case would not object to the State's proffer of inadmissible evidence. *Menefield v. State,* 343 S.W.3d 553, 555 (Tex.App.–Amarillo 2011). And, since there was no other evidence indicating that the residue in question was a controlled substance, the attorney's deficient performance harmed Appellant. *Id.*

The majority does not even consider the court of appeals' opinion and does not say how the court of appeals erred. Rather, the majority does a de novo review and determines that "perhaps the State could (and with an objection would) have brought Murphy to the courtroom to testify, and counsel realized that cross-examining Murphy would not benefit his client." Maj. op. at 593. *Perhaps* the majority is just supposing. In its brief, this is what the State said was the issue with the court of appeals' opinion:

> From this trial record, one could conclude there were legitimate and profes-

10. *See Melendez–Diaz,* 129 S.Ct. at 2532 (When affidavits prepared by drug analysts were admitted at trial, the "petitioner was entitled to be confronted with the analysts at trial.").

1. Defense counsel and the trial court must be oblivious to the rules of evidence regarding business records.

sionally sound reasons for counsel's conduct. Because the record does not contain specific explanations for counsel's decisions, the court should not reverse for ineffective assistance of counsel. Under *Strickland,* the appellant must prove, by a preponderance of the evidence, that there is, in fact, no plausible reason for a specific fact or omission. Appellant has not met his burden of showing that his trial counsel's decisions were so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. Appellant has failed to prove the first prong of *Strickland.* Accordingly, the court of appeals erred in finding the appellant's trial counsel ineffective.

(citations omitted). However, the burden has shifted to the State in this scenario, because the State brought this appeal to us attempting to show that the court of appeals erred. Obviously, the State is nowhere near refuting the court of appeals' opinion. The court of appeals follows the directive of our opinion in *Andrews,* which states:

> This is a rare case. This is a case in which the appellant has raised a claim of ineffective assistance of counsel on direct appeal *and* the record is sufficient for us to make a decision on the merits. Because we conclude that the record is sufficient to conclude that counsel's performance was deficient and that the appellant was prejudiced by counsel's failure to object to the prosecutor's misstatement of law, we reverse the judgment of the Court of Appeals

and remand for a new punishment hearing.

*Andrews v. State,* 159 S.W.3d 98, 103–104 (Tex.Crim.App.2005). The same is true here.[2] There is no logical reason or reasonable strategy for counsel's failure to object to clearly inadmissible evidence that was the only evidence supporting his client's conviction.[3] As the court of appeals stated, "Indeed, if the report were excluded, and given the absence from the record of all other evidence establishing the presence of a controlled substance, no rational jury could have convicted appellant for possessing cocaine." *Menefield,* 343 S.W.3d at 555. I think the court of appeals got it right, and I disagree with the majority's de novo review of this case. Therefore, I respectfully dissent.

---

2. It looks like the dissenters in *Andrews* have decided to overrule that case rather than distinguish it from this one.

3. The defendant is now going to prison for *12 years* for possessing *residue* of a controlled substance because his attorney apparently was asleep at the wheel. Even if we upheld the court of appeals' opinion, the State would have been able to retry the defendant. Obviously the defendant's lawyer allowed his client to get convicted due to his omission.