

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00186-CR

_____

ERIC URIAH CARRILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 23,880-B; Honorable John B. Board, Presiding

August 19, 2014

## ORDER OVERRULING MOTION FOR REHEARING

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

To paraphrase the State's response to Appellant's motion for rehearing, this appeal has had a "tortured procedural history."[1] Appellant now asks this Court to again expend its limited resources to reconsider our opinion of April 10, 2014, which affirmed

---

[1] *See Carrillo v. State*, No. 07-13-00185-CR, 2014 Tex. App. LEXIS 2324 (Tex. App.—Amarillo Feb. 24, 2014, no pet. h.)(mem. op., not designated for publication), and *Carrillo v. State*, No. 07-13-00185-CR, 2014 Tex. App. LEXIS 4006 (Tex. App.—Amarillo April 10, 2014, no pet. h.)(mem. op., not designated for publication).

his conviction for the offense of robbery following the filing of an *Anders* brief.[2] Appellant requests this Court to "reverse and dismiss" his conviction for robbery based on the alleged *failure to address* his claims of (1) the State's use of "false testimony," (2) ineffective assistance of trial counsel and (3) insufficiency of the evidence.

First and foremost, we remind Appellant and his counsel that the Court was addressing an *Anders* brief that stated that there were no meritorious grounds for reversal. As none were raised, this Court did not *fail to address* any issue raised by Appellant. Furthermore, as we stated in our original opinion, we have independently examined the entire record including, but not limited to, pretrial hearings, evidentiary rulings, the court's charges during guilt/innocence and punishment, the punishment and sentencing phase and trial counsel's representation to determine whether there were any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). Also, despite the fact that Appellant did not file a *response* to the *Anders* brief, we considered his communications with the Court as a response—thereby considering his claims of a meritorious issue. After independently considering these sources, we found there were no arguable grounds for reversal.

As to Appellant's claim concerning whether the State knowingly used "false testimony," Appellant confuses the use of inconsistent or recanted testimony with false testimony. Furthermore, the testimony used and the sufficiency of the evidence presented were both addressed in our original opinion. As to Appellant's claim

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

concerning ineffective assistance of trial counsel for failing to develop whether the State's witness, Natasha Heller, wished to recant her testimony, the record simply does not support that claim. Where the record does not support a claim of ineffective assistance of counsel, the appropriate means of developing that record is via a writ of habeas corpus. *See Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012).

Remaining convinced that there are no non-frivolous issues which support a finding of reversible error, we deny Appellant's motion for rehearing.

Patrick A. Pirtle
Justice

Do not publish.