

# NUMBER 13-14-00227-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DARRELL DEWAYNE DUDLEY,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

### On appeal from the 329th District Court
### of Wharton County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Darrell Dewayne Dudley challenges his convictions for aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2013 3d C.S.). After entering a plea of guilty to both counts of the indictment, the trial court sentenced Dudley to twenty years' confinement in the Institutional Division of the Texas Department

of Criminal Justice for each offense, the sentences to run concurrently.   By one issue, Dudley complains that his trial counsel provided ineffective assistance.[1]   We affirm.

## I.  STANDARD OF REVIEW

A claim that trial counsel was ineffective is analyzed under the familiar standard set forth in *Strickland v. Washington.*   466 U.S. 668, 687 (1984).   To obtain a reversal of a conviction for ineffective assistance of counsel, a defendant must show that:   (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding.   *Id.*

> The court of criminal appeals has explained this standard as follows:
>
> For a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant.   An ineffective-assistance claim must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim.   Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped.   This statement is true with regard to the deficient performance prong of the inquiry, when counsel's reasons for failing to do something do not appear in the record.   Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.   If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.

*Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) (citations omitted). This standard of proof applies to the punishment phase as well as to the trial stage of criminal proceedings.   *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (en banc).

---

[1] The State did not file a brief in this appeal.

2

## II.    DISCUSSION[2]

By his sole issue, Dudley contends that his "[d]efense counsel was ineffective in failing to request an additional psychiatric examination prior to his plea and in permitting [Dudley] to enter a plea of guilty even though he had concerns about [Dudley's] competency."  As to the first prong of *Strickland*, Dudley argues that trial "counsel's performance was substandard because, as he admitted in court and based on the witness testimony at the sentencing hearing, [Defense] counsel should have pursued further psychiatric examination much earlier on, and should not have agreed that [Dudley] was competent at the plea hearing."  And regarding the second prong of the test, Dudley asserts that, but for his trial counsel's errors, "there is a reasonable probability the result of the proceeding would have been different. . . ."

As Dudley set out in his appellate brief,

> After the plea, but before sentencing, [Defense] counsel filed a "motion to withdraw guilty plea" in which he requested that [Dudley] be reevaluated due to newly discovered potential mental disabilities by [Defense] counsel.  [Defense] counsel asserted his opinion that, based on his interactions with [Dudley] and based on newly discovered information, that [Dudley] was not mentally competent and needed to be reevaluated. At the sentencing hearing, [Defense] counsel urged this motion, announced ready, asked for a continuance, and asked [Dudley] to be re-evaluated, arguing his belief that [Dudley] was mentally ill.  [Defense] counsel stated that he was in error for not pursuing the issue about [Dudley's] competency like he should have, stating "I admit that was my fault."  [Defense] counsel called three witnesses, the first two of which explaining that [Dudley] did indeed have something mentally wrong with him.

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

3

Consistent with Dudley's statement of facts set out above, our review of the record reveals that after Dudley's plea hearing but before the sentencing hearing, defense counsel argued to the trial court that he had filed a motion requesting additional psychiatric examinations "because of [his] belief now that there is something wrong with him. He's just not normal. . . . Psychological[ly] he's not normal." The trial court heard the testimony regarding Dudley's competency challenge from the following defense witnesses: (1) Dudley's uncle; (2) his mother; and (3) his sister. After testimony concluded, the following exchange occurred between counsel for the defense, counsel for the State, and the trial court:

> The Court: One of the things I did back on February 28th [at the plea hearing] was I ordered a PSI to be prepared, and a presentence investigation report has been prepared. I got several copies yesterday, and I have provided copies to the State and to the [Defense] counsel. I'm going to rather than mark it as an exhibit.
>
> (Off-the-record discussion)
>
> The Court: This document—I'm going to take judicial notice of this document, and it will become part of the clerk's file.
>
> Does either side have any objections to any of the contents of the presentence investigation report or any additional material that they think should be added to the presentence investigation report?
>
> [The State]: Not from the State, Judge.
>
> The Court: [Defense]?
>
> [Defense]: I think, your Honor, you've heard testimony here in your wisdom.
>
> The Court: I do intend to consider the testimony that I've heard here in addition to this.

4

[Defense]:     Other than that, although I would object and I don't have no other way to say it except that the—I object to the reference of malingering on the part of the psychologist when he didn't talk to anybody besides Dudley.  He probably talked to him for an hour at the most, and I would say that it was—it's suspect.  That's all I can say.

The Court:     That objection is overruled.

[Defense]:     Right.

The Court:     Any other evidence regarding Mr. Dudley's competency today?

[Defense]:     No, your Honor.

The Court:     [The State]?  Nothing further?

The State:     No, your Honor.

The Court:     All right. Okay.  I want the record to be clear I have taken judicial notice of the reports from Dr. Fuller that are also part of the clerk's record.  These are the initial examinations that were done regarding his competency at the time the alleged defenses were committed, and then also at the time of his trial or competency to stand trial.[3]  And I'll say, [Defense], although the word "malingering" was used, I think it's used in the medical sense which is slightly different than the military sense.

[Defense]:     Okay.

The Court:     I think the medical sense of malingering is simply that a person is giving a false impression for faking some sort of mental illness.  But I don't think it has any criminal connotation to it whatsoever.

_____

[3] Michael Fuller, M.D., with the Psychiatric Forensic and Consultative Services, Department of Psychiatry and Behavioral Sciences at The University of Texas Medical Branch, Galveston, Texas, prepared the referenced report.  After examining Dudley, Dr. Fuller concluded that "Mr. Dudley with reasonable medical probability, at the time of the alleged offense, did not meet the statutory requirements to pursue a credible insanity defense."  Dr. Fuller also explained that he based his opinion "on the impression that Mr. Dudley does not suffer from symptoms of a psychiatric illness that are sufficiently severe as to diminish his reality testing or perception of reality.  He appears to be malingering his apparent defects and confusion."

5

[Defense]: Okay. Thank you, your Honor.

The Court: Anyway, based upon all of the evidence that I have before me and including the letters, the support letters that are included in this presentence investigation report, I have letters—there are letters from mom and from sister and from other family members and also from a friend who was apparently a girlfriend, I think it's significant that none of these—none of this correspondence mentions that Mr. Dudley has any kind of mental illness that would interfere with his ability to understand the nature and consequences of, you know, his actions or his compliance with the law or criminal charges that have been levelled against him. And in fact, one of the letters from [a friend] says that he's not stupid or dumb. He's just easily influenced and makes mistakes like all of us. He's a really good drawer and with his G.E.D. could get a job as a tattoo artist. I think considering the totality of all of this evidence that I will continue to conclude that Mr. Dudley's plea was knowing and voluntary and that he was competent to stand trial on February 28th and also today. So we're going to continue with the sentencing hearing at this time. And your motion, [Defense], is denied.

[Defense]: Thank you, your Honor.

Based on the above, we conclude that the present record is sufficiently developed to show that counsel had the opportunity and did, in fact, request by written motion and in open court at the sentencing hearing that the trial court consider additional psychiatric examination. We cannot conclude that the challenged conduct was so outrageous that no competent attorney would have engaged in it. *See Menefield*, 363 S.W.3d at 593. Dudley has not demonstrated deficient performance by counsel. *See id.; see also Strickland*, 466 U.S. at 687. And Dudley has not established that any of this complained-of conduct prejudiced him. *See Menefield*, 363 S.W.3d at 592; *Strickland,* 466 U.S. at 687. Based on the record before us, we cannot conclude that Dudley's trial counsel

6

performance was ineffective.   We overrule his sole issue on appeal.

### III.   CONCLUSION

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 20th
day of November, 2014.