

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00555-CR

RAMIEN JORDAN HENRY                                    APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
### TRIAL COURT NO. 1312412D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Ramien Jordan Henry of two counts of aggravated robbery with a deadly weapon and one count of burglary of a habitation, all charged in a single indictment. The jury assessed Appellant's punishment at five years' confinement on each count. The trial court sentenced him accordingly and ordered the three sentences to be served concurrently. In

---

[1]*See* Tex. R. App. P. 47.4.

three issues, Appellant contends that the evidence is insufficient to support the aggravated robbery conviction of Count Three, the State withheld *Brady* material,[2] and trial counsel rendered ineffective assistance. Because the evidence is sufficient to support Appellant's conviction and because the record is insufficient to support Appellant's complaints in the remaining two issues, we affirm the trial court's judgment.

**Brief Facts**

Ross Pardue, Riley Goff, Emily Gates, and Lauryn Fanning were in Ross's apartment in Grapevine, Tarrant County, Texas, watching TV and socializing when Ross answered the front door intending to make a marijuana sale. Instead, several men entered with handguns, ransacked the apartment looking for marijuana and money, and left after about fifteen minutes, taking various electronic and personal items with them. The testimony varied on the number of assailants and guns involved. Ross maintained that five individuals had entered the apartment, each with a gun. Emily "vividly" remembered three individuals entering the apartment and described at least one of them holding a gun. She also described one man standing over her with a gun, but it is not clear if she was referring to a second gunman. She said that she was focused on the man standing over her with a gun and not focused on counting people.

---

[2]*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

Ross insisted that he recognized Appellant as one of the men who came inside the apartment and ransacked it and that Appellant was holding a firearm and pointing it at Emily when she photographed him on her cell phone. The assailants took that cell phone. But at trial, Emily could not identify Appellant as one of the assailants.

After Appellant's arrest in Denton County, Detective Pedro Soltero of the Grapevine Police Department interviewed him, making a video and audio recording of the interview. In the interview, Appellant took some but not all responsibility for the crimes of that night.

Ross admitted on the stand that he was actively engaged in buying and selling marijuana, although he described it as more of a sideline venture to help his "close friends." He testified that he had only been involved in selling it for a few months.

**Sufficient Evidence of Aggravated Robbery of Emily with a Deadly Weapon**

In his first issue, Appellant challenges the sufficiency of the evidence to support his conviction on Count Three, the aggravated robbery allegation naming Emily as the complainant. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt.[3]   This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[4]

The trier of fact is the sole judge of the weight and credibility of the evidence.[5]   Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.[6]   Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict.[7]   We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.[8]

---

[3]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

[4]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

[5]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Dobbs*, 434 S.W.3d at 170.

[6]*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

[7]*Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

[8]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Dobbs*, 434 S.W.3d at 170.

Appellant's trial counsel conceded in his opening statement that Appellant got into a bad situation with some older boys on the night of the robbery. He admitted that Appellant was present but stated that Appellant did not have a gun and did not enter the apartment. But in his testimony, Ross identified Appellant as one of the assailants. Although the evidence showed that when they called about buying marijuana from him, Ross had given the people who turned out to be the assailants instructions for finding his apartment, the witnesses described the assailants as pushing their way into the apartment at gunpoint.

A person commits robbery if he intentionally or knowingly threatens or places another in fear of serious bodily injury or death while in the course of committing theft.[9] The robbery is aggravated if he uses or exhibits a deadly weapon.[10] Although Emily could not identify Appellant as one of the men who entered and ransacked the apartment or who pointed a firearm at her head, Ross recognized Appellant and testified that Appellant had pointed the gun at Emily. That is sufficient evidence to support Appellant's conviction as a principal for the aggravated robbery of Emily. We therefore do not need to address whether the evidence supported his conviction as a party.[11] We overrule Appellant's first issue.

---

[9]Tex. Penal Code Ann. § 29.02(a)(2) (West 2011).

[10]*Id.* § 29.03(a)(2).

[11]*See* Tex. R. App. P. 47.1.

***Brady* Complaint Not Supported by the Record**

In his second issue, Appellant argues that the State failed to disclose exculpatory evidence as mandated by *Brady v. Maryland*.[12] To support his argument, Appellant refers us to a record found on publicdata.com. As Appellant concedes, this information does not appear in the appellate record. Consequently, it is not evidence properly before this court, and we may not consider it.[13] We therefore overrule Appellant's second issue.

**Failure to Prove Ineffective Assistance of Counsel**

In his third issue, Appellant argues that trial counsel rendered ineffective assistance. To establish ineffective assistance of counsel, Appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense.[14] An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim.[15] Direct appeal is

---

[12]*Brady*, 373 U.S. at 87, 83 S. Ct. at 1196.

[13]*See Leza v. State*, 351 S.W.3d 344, 362 (Tex. Crim. App. 2011).

[14]*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013).

[15]*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

6

usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped.[16]

It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record.[17] Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective."[18] If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."[19]

In the case now before this court, the evidence is inadequate to allow us to review Appellant's claim of ineffective assistance of counsel. We therefore overrule Appellant's third issue.

**Conclusion**

Having overruled Appellant's three issues, we affirm the trial court's judgment as to each count.

---

[16]*Menefield v. State*, 363 S.W.3d 591, 592–93; *Thompson*, 9 S.W.3d at 813–14.

[17]*Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

[18]*Menefield*, 363 S.W.3d at 593.

[19]*Nava*, 415 S.W.3d at 308.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 26, 2015