

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00232-CR

SHERALYN TORODE                                                     APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. CR12543

----------

## MEMORANDUM OPINION[1]

----------

After a bench trial, the trial court convicted Appellant Sheralyn Torode of endangering a child and sentenced her to twenty-four months' confinement in a state jail facility. Tex. Penal Code Ann. § 22.041(c) (West 2011). In one point, Appellant contends she received ineffective assistance of counsel because her trial counsel failed to make an opening statement. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Facts**

A three-year-old child who was in Appellant's primary custody tested positive for methamphetamine. There was evidence Appellant had used methamphetamine, that Appellant was aware the child was being taken to a house where methamphetamine was being cooked, and that Appellant had knowingly left the child with a person who used methamphetamine. There was also evidence Appellant regularly possessed methamphetamine in the presence of the child.

**Complaint on Appeal**

In one point, Appellant contends she received ineffective assistance of counsel. Specifically, she complains about trial counsel's failure to make an opening statement.

To establish ineffective assistance of counsel, Appellant must show by a preponderance of the evidence that her counsel's representation was deficient and that the deficiency prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped.

2

*Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson*, 9 S.W.3d at 813–14. In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08.

It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308.

Whether to make an opening statement is an inherently tactical decision. *Taylor v. State*, 947 S.W.2d 698, 704 (Tex. App.—Fort Worth 1997, pet. ref'd). Giving an opening statement may give the State a preview of defense counsel's

3

strategy. *See Standerford v. State*, 928 S.W.2d 688, 697 (Tex. App.—Fort Worth 1996, no pet.). The failure to make an opening statement is not conduct so outrageous that no competent attorney would have engaged in it. *See Darkins v. State*, 430 S.W.3d 559, 570 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Taylor*, 947 S.W.2d at 704 (stating that defense counsel's tactical decisions did not render his performance so deficient that he was not functioning as the counsel guaranteed by the Sixth Amendment). Because Appellant has not met the deficient performance prong under *Strickland*, we hold that Appellant has failed to demonstrate that she received ineffective assistance from her trial counsel. *See Strickland*, 466 U.S. at 687, *Darkins*, 430 S.W.3d at 570, *Taylor*, 947 S.W.2d at 704. We overrule Appellant's sole point.

## Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 25, 2015

4