

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00573-CR

Patrick Kelly **PALMER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR10086
Honorable Mary D. Roman, Judge Presiding[1]

Opinion by:   Karen Angelini, Justice

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  July 26, 2017

AFFIRMED

After a jury trial, appellant Patrick Kelly Palmer was found guilty of possessing less than one gram of methamphetamine and was sentenced to two years of confinement in state jail and a fine of $1,500. His sentence of confinement was then suspended, and he was placed on community supervision for two years. Palmer argues on appeal that he was denied effective assistance of counsel because his trial counsel "failed to object to the State's improper jury argument that

---

[1] The Honorable Brenda Chapman, sitting by assignment, presided over the trial. The Honorable Mary Roman signed the judgment.

[Palmer]'s booking photograph showed 'a face of meth.'" We affirm the judgment of the trial court.

To show that he was denied effective assistance of counsel in violation of the Sixth Amendment, Palmer must prove by a preponderance of the evidence that (1) his trial counsel's performance was deficient, and (2) the constitutionally deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986) (applying *Strickland* test).

In establishing that his trial counsel was deficient, Palmer must show that his counsel's conduct fell below an "objective standard of reasonableness." *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012). Further, we "indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable assistance and that the challenged action might be considered sound trial strategy." *Id.* (quotation omitted). "The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel." *Id.* "The *Strickland* test is judged by the 'totality of the representation,' not by counsel's isolated acts or omissions, and the test is applied from the viewpoint of an attorney at the time he acted, not through 20/20 hindsight." *Id.* Thus, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

"Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "[R]arely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation." *Id.* "In the majority of instances, the record on direct appeal is simply undeveloped and cannot

adequately reflect the failings of trial counsel." *Thompson*, 9 S.W.3d at 813-14. "Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quotation omitted). "If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Id.* (quotation omitted). Here, because Palmer did not file a motion for new trial on his ineffective assistance claim, the record simply does not reflect the reasons for the decisions made by Palmer's trial counsel. Thus, we cannot find deficient performance by trial counsel unless his conduct "was so outrageous that no competent attorney would have engaged in it." *Id.*

Palmer argues that his trial counsel was deficient for failing to object, during closing argument, to the State's improper jury argument. Palmer points out that during voir dire, the State showed the venire members photographs, which the State claimed were "faces of meth." Palmer's trial counsel objected, and his objection was sustained. Later, during closing argument, the State again referred to those same photographs:

> And during voir dire we showed you the many faces of meth. Look at the defendant now. The face might not look like a face to you of meth, but we introduced the mugshot of the defendant that day. You can look at that again and determine whether or not that's a face of meth. And the forensic scientist Robert Rodriguez came on the stand. . . .

Palmer argues that his trial counsel was ineffective for failing to object on this second occasion to the State referring to the "faces of meth." We agree with Palmer that the State's reference to such photographs was improper argument. However, we cannot conclude that Palmer's trial counsel did not have a possible trial strategy for failing to object. His trial counsel objected to the first reference, clearly understanding that the reference was improper. The failure of trial counsel to object to the second reference could have been motivated by a desire to not call attention to the

reference. We cannot conclude that trial counsel's failure to object "was so outrageous that no competent attorney would have engaged in it." *See id.*

Additionally, under *Strickland*'s second prong, we cannot conclude that Palmer has shown any deficient performance by his trial counsel prejudiced his defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012) (quotation omitted). "In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington v. Richter*, 562 U.S. 86, 111 (2011). "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington*, 562 U.S. at 111. "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Harrington*, 562 U.S. at 111-12 (quoting *Strickland*, 466 U.S. at 693). "The likelihood of a different result *must be substantial*, not just conceivable." *Id.* (emphasis added).

In this case, there was ample evidence of Palmer's guilt presented to the jury. There were two witnesses presented in this case: the patrol officer and the forensic scientist. Officer David Neal testified that he stopped the pick-up truck Palmer was driving for a traffic violation. According to Officer Neal, both Palmer and the passenger acted in a nervous manner. Officer Neal testified that they leaned together and "were whispering something to each other," but stopped talking to each other and sat up straight when they noticed the officer looking. Officer Neal testified that he obtained consent to search the pick-up truck, and when he found a "plastic baggy that was twisted up" "on the driver's side floorboard," he asked Palmer to identify the "crystalline" appearing substance inside the plastic baggy. Officer Neal testified that Palmer replied that the

substance was "rock salt." According to Officer Neal, Palmer's answer indicated Palmer "kn[ew] that substance is in the vehicle or he [was] claiming responsibility for whatever that was in that bag." The dashboard video from Officer Neal's patrol vehicle supports the officer's testimony. Robert Rodriguez, a forensic scientist at the Bexar County Forensic Science Center, then testified that the substance found in Palmer's pick-up truck was "positive for methamphetamine."

Palmer emphasizes that the dashboard video also shows that the passenger "was left unsupervised and alone in the truck's cab long enough to plant the methamphetamine on [Palmer]'s side of the truck, so [Palmer] never knew it was there." Palmer argues that the State "obtained a conviction in this case despite the presence of reasonable doubt." We disagree with Palmer. Given the testimony of Officer Neal and Rodriguez, the only witnesses to testify, and the dashboard video, we cannot conclude that Palmer has shown his defense was prejudiced.

We affirm the judgment of the trial court.

Karen Angelini, Justice

DO NOT PUBLISH