

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00742-CR

Kyle **HINOJOSA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR6519A
Honorable Lorina Rummel, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Marialyn Barnard, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  January 31, 2018

AFFIRMED

Kyle Hinojosa appeals his conviction for aggravated robbery. He argues he received ineffective assistance of counsel and the trial court erred by denying his motion to suppress the complainant's in-court identification. We affirm the trial court's judgment.

### BACKGROUND

Samantha Miranda was the victim of an assault that occurred in her family's home. When she opened the front door, two men forced the door open and one of them pointed a gun at her.

The gunman slapped Miranda in the face with the gun multiple times. The two men proceeded to steal items from the home and later sold them at a pawn shop.

Miranda called the San Antonio Police Department (SAPD), and reported she recognized one of the men involved as "Johnny," with whom her brother was acquainted. SAPD officers conducted two separate photographic lineups, and Miranda identified the two men who she believed forced themselves into her home. Although Hinojosa's photograph was included in one of the photo lineups, Miranda did not identify Hinojosa as the gunman. According to Miranda, she knew shortly after the photographic lineup she had misidentified the gunman.

The State charged Hinojosa with aggravated assault, alleging he threatened Miranda and exhibited a firearm. Hinojosa pled not guilty and filed a motion to suppress Miranda's testimony that identified Hinojosa as the gunman. At trial, Miranda testified about the incident, and before she identified Hinojosa as the gunman, the trial court heard and denied Hinojosa's motion to suppress. Defense counsel cross-examined Miranda about the photographic lineup. Johnny Ximenez testified he and Hinojosa were the two men who perpetrated the offense and identified Hinojosa as the gunman. The jury found Hinojosa guilty, and the trial court assessed punishment. After the trial court imposed the sentence, Hinojosa filed a timely notice of appeal.

INEFFECTIVE ASSISTANCE OF COUNSEL

Sixth Amendment ineffective assistance of counsel claims are governed by *Strickland v. Washington*'s two-prong test under which we determine (1) whether trial counsel's representation was constitutionally deficient, and (2) whether the deficient performance prejudiced the defense. 466 U.S. 668 (1984); *accord Russell v. State*, 90 S.W.3d 865, 875 (Tex. App.—San Antonio 2002, pet. ref'd). To satisfy *Strickland*'s first prong on direct appeal, the record must demonstrate: (1) trial counsel's deficient performance of some act or failure to perform some act, and (2) trial counsel had no reasonable trial strategy for the act or omission. *See Lopez v. State*, 343 S.W.3d

137, 143 (Tex. Crim. App. 2011). "Any allegation of ineffectiveness must be firmly founded in the record." *Russell*, 90 S.W.3d at 875.

"There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Generally, trial counsel should be afforded an opportunity to explain "his actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). When trial counsel is not given that opportunity, we will not find trial counsel's performance deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* Thus, "[u]nder normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Hinojosa argues his trial counsel rendered ineffective assistance by not requesting an appropriate remedy for the State's failure to disclose material evidence. Specifically, Hinojosa argues the State failed to disclose Miranda intended to identify him at trial as the gunman, which Hinojosa contends was a material change from her prior statement during the photographic lineup that another individual was the gunman. Hinojosa complains the State was aware two weeks before trial Miranda "was going to testify in a manner severely at odds with her original statement . . . regarding the identity of the gunman." He notes that several months before trial, he filed several discovery motions triggering the State's obligation to promptly disclose any such material change from a witness's prior recorded statement. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2017). Hinojosa complains his trial counsel should have requested a continuance, and not acquiesced to the trial court's suggestion that "more time" was the only remedy for the State's failure to disclose.

Part of Hinojosa's complaint is based on the State's response to a motion in limine he had raised at a pre-trial hearing. When Hinojosa raised his motion in limine regarding Miranda's in-court identification, the State represented to the trial court it did not intend to ask Miranda to make an in-court identification of the gunman. The trial court granted trial counsel's motion in limine and ruled, "[I]f we need to hear a motion to suppress in regards to that, we will do so before she testifies in regards to that particular issue." The State thereafter sought to elicit Miranda's in-court identification of the gunman, and before doing so, requested a ruling on Hinojosa's motion to suppress. Trial counsel reminded the trial court of the State's representation in response to his motion in limine and stated, "The only thing I can claim is surprise at this point." The trial court asked, "And what remedy would you like to have in regards to that?" Trial counsel responded, "Don't let her do that." The trial court then heard Hinojosa's motion to suppress Miranda's in-court identification.

Hinojosa's written motion to suppress Miranda's in-court identification, which was filed nearly three months before trial, shows trial counsel contemplated Miranda would testify Hinojosa was the gunman. Trial counsel raised an objection to the State changing its position from the pre-trial hearing and asked the trial court to exclude the in-court identification. Hinojosa's allegations that trial counsel performed deficiently by not seeking a proper remedy based on the State's alleged withholding of material evidence are not firmly founded in the record. *See Russell*, 90 S.W.3d at 875. Furthermore, trial counsel was not afforded the opportunity to explain his actions and we cannot say the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593.

Hinojosa also argues trial counsel was deficient by failing to object to the State calling Samantha Cisneros, Hinojosa's girlfriend, to testify as a rebuttal witness. Miranda and Ximenez testified Ximenez and Hinojosa drove away from Miranda's home in a red car. The State called

Cisneros to testify, and after trial counsel complained she was not on the witness list, the State responded "she's being called to rebut [Hinojosa]'s theory that there was no red car." The trial court allowed Cisneros to testify "for the limited purpose of rebuttal in regards to the color of a car." Hinojosa argues his trial counsel should have objected to Cisneros's testimony on the ground that she was not a proper rebuttal witness because trial counsel had never actually disputed whether Ximenez and Hinojosa drove away from Miranda's home in a red car.

When the trial court permitted Cisneros to testify, trial counsel requested time to prepare and stated, "Hopefully, all the time I'll need is this break that you're giving us right now." The record does not show trial counsel was afforded an opportunity to explain his actions, and we cannot say trial counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *See id.* The record does not demonstrate trial counsel's representation was "so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *See Bone*, 77 S.W.3d at 833. Even considering the totality of the challenged conduct, we cannot say Hinojosa received ineffective assistance of counsel. *See Russell*, 90 S.W.3d at 875.

### MOTION TO SUPPRESS IN-COURT IDENTIFICATION

Hinojosa argues the trial court erred by denying his motion to suppress Miranda's in-court identification of him as the gunman. "Generally, the Constitution protects a defendant against a conviction based on evidence of questionable reliability, not by prohibiting its introduction, but by affording the defendant the means to persuade the jury that the evidence should be discounted as unworthy of credit." *Balderas v. State*, 517 S.W.3d 756, 791 (Tex. Crim. App. 2016). However, "[a]n in-court identification is inadmissible when it has been tainted by an impermissibly suggestive pretrial photographic identification." *Loserth v. State*, 963 S.W.2d 770, 771-72 (Tex.

Crim. App. 1998). "The defendant has the burden to establish by clear and convincing evidence that the pretrial procedure was impermissibly suggestive." *Balderas*, 517 S.W.3d at 792.

If a pretrial photographic identification procedure is impermissibly suggestive, we must weigh the procedure's corrupting effect against indicia of reliability to determine "whether, considering the totality of the circumstances, the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Loserth*, 963 S.W.2d at 772. But "a finding that a challenged pretrial identification procedure was not in fact impermissibly suggestive will obviate the need to assay whether under the circumstances it created a substantial likelihood of misidentification." *Webb v. State*, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988); *see, e.g.*, *De Vaughn v. State*, 239 S.W.3d 351, 354 (Tex. App.—San Antonio 2007, pet. ref'd).

Hinojosa notes that in the trial court, he "[u]ltimately . . . withdrew his objection that the [pretrial] identification was, itself, overly suggestive . . . [and] [i]nstead . . . argued the complainant's capacity to render a valid in-court identification was tainted by overly suggestive information acquired from inside the courtroom." The "information acquired from inside the courtroom" to which Hinojosa seems to refer is (1) "information" that Hinojosa was not the individual Miranda had identified during the photographic lineup as the gunman, and (2) Hinojosa's presence in the courtroom. Hinojosa asserts, without citing any authority, that these in-court procedures were impermissibly suggestive and primarily argues Miranda's in-court identification was not reliable or credible.

At trial, before the suppression hearing, Miranda testified that when she went home after identifying the gunman from the pretrial photographic lineup, she knew she selected the wrong photograph for the gunman and "there was [another] face that stuck with [her] out of that lineup." She had also testified her in-court identification was based on her recollection of the day she was

- 6 -

assaulted. The record does not support Hinojosa's assertion that this "information" was acquired from inside the courtroom or from any suggestive procedure. Furthermore, numerous courts have rejected the argument that a defendant's mere presence in the courtroom is an impermissibly suggestive procedure for purposes of an in-court identification. *See Harrison v. State*, No. 14-10-00254-CR, 2011 WL 5589532, at *8 (Tex. App.—Houston [14th Dist.] Nov. 17, 2011, no pet.) (mem. op., not designated for publication) (citing authorities that a defendant's presence at counsel's table is not impermissibly suggestive for purposes of an in-court identification).

We hold Hinojosa did not satisfy his burden to establish by clear and convincing evidence that Miranda's in-court identification was tainted by an impermissibly suggestive pretrial photographic lineup or from information acquired inside the courtroom. Because there was no impermissibly suggestive procedure, we need not address Hinojosa's arguments regarding the reliability or credibility of Miranda's testimony. *See Williams*, 675 S.W.2d at 757; *De Vaughn*, 239 S.W.3d at 354. The trial court afforded Hinojosa the opportunity to challenge the reliability and credibility of Miranda's testimony and to persuade the jury that her in-court identification "should be discounted as unworthy of credit." *See Balderas*, 517 S.W.3d at 791. The trial court did not err by denying Hinojosa's motion to suppress.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH