

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00373-CR

_____

IMRAN ALI, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from County Criminal Court No. 2
Denton County, Texas
Trial Court No. CR-2017-01076-B

_____

Before Gabriel and Kerr, JJ.; and Lee Ann Dauphinot (Senior Justice, Retired, Sitting
by Assignment)
Memorandum Opinion by Justice Dauphinot

**MEMORANDUM OPINION**

Appellant Imran Ali was convicted by a jury of driving while intoxicated. The trial judge assessed his punishment at 300 days' confinement in the Denton County Detention Center, a $1,000 fine, and a 360-day suspension of Appellant's driver's license. On direct appeal, he complains only that trial counsel rendered ineffective assistance. Because the record is wholly inadequate to support his complaint on appeal, we affirm the trial court's judgment.

Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense.[1] In assessing a claim of ineffective assistance, the appellant must overcome the strong presumption that his counsel's actions might be considered sound trial strategy.[2] An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim.[3] Direct appeal is usually an inadequate vehicle for

---

[1]*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

[2]*Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

[3]*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped.[4]

On direct appeal, an appellate court should not infer ineffective assistance when counsel's reasons for failing to do something do not appear in the record.[5] Trial counsel should ordinarily be given an opportunity to explain his decisions before being found ineffective. Without such an opportunity, an appellate court should not find deficient performance unless the conduct at issue was clearly documented in the record and was "so outrageous that no competent attorney would have engaged in it."[6]

In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case.[7] The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.[8]

---

[4]*Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012)

[5]*See id.* at 592; *Thompson*, 9 S.W.3d at 813.

[6]*Menefield*, 363 S.W.3d at 593 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

[7]*Thompson*, 9 S.W.3d at 813.

[8]*See Strickland*, 466 U.S. at 688-89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307.

Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient.[9]

Appellant argues that trial counsel failed to tell him of the prosecutor's plea-bargain offer and told him, instead, that he had no option but to take his case to trial. Appellant provides this court no citation to the record to support his complaint. Nor has this court been able to find any support for these complaints in the record. Although Appellant filed a motion for new trial, he alleged only that the jury's verdict was contrary to the law and the evidence. And although the record shows that Appellant's motion was set for a hearing, it also shows that the hearing was cancelled. Ultimately, it was deemed denied by operation of law.[10]

Because there is no support for Appellant's ineffective-assistance-of-counsel claim, we overrule his sole point on appeal[11] and affirm the trial court's judgment.

---

[9] *Nava*, 415 S.W.3d at 307–08.

[10] *See* Tex. R. App. P. 21.8(c).

[11] *See Gorham v. State*, No. 04-15-00305-CR, 2016 WL 320580, at *1 (Tex. App.—San Antonio Jan. 27, 2016, no pet.) (mem. op., not designated for publication).

/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 28, 2019