

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00188-CR

———————————————

WADE EARL CONE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12683

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

In 2014, the trial court placed Appellant Wade Earl Cone on deferred-adjudication community supervision for eight years for the second-degree felony offense of delivery of a controlled substance in the amount of more than one gram but less than four grams. *See* Tex. Health & Safety Code Ann. § 481.113(c). In 2022, about six weeks shy of Cone's completing his term of community supervision,[1] the State filed a motion to proceed to an adjudication. Following a hearing, the trial court found true the State's allegations that, in violation of Cone's conditions of community supervision, Cone had (1) violated the law by trespassing on a neighbor's property with a deadly weapon and (2) used alcohol. The trial court adjudicated Cone guilty and sentenced him to twenty years' imprisonment, the maximum for a second-degree felony. *See* Tex. Penal Code Ann. § 12.33. Cone appeals. In one point, Cone asserts that his trial counsel rendered ineffective assistance. We disagree, overrule Cone's point, and affirm the trial court's judgment.

## I. Cone's Point

In a single point, Cone contends that his trial counsel rendered ineffective assistance. Specifically, Cone contends that

- his trial counsel did not make an opening statement,

---

[1]In 2016, the State filed a motion to adjudicate alleging that Cone had violated two community-supervision conditions. Cone stipulated that the motion's allegations were true, waived his right to a hearing, and asked the trial judge to continue his community supervision. The trial judge agreed but added three new conditions.

- his trial counsel failed to prepare him for the adjudication hearing,

- he did not have an opportunity to gather his own witnesses,

- trial counsel did not prepare the one witness who testified on his behalf, and

- trial counsel did not advise him of his right to testify or to remain silent.

In the trial court, Cone raised the issue of ineffective assistance of counsel in a motion for new trial, and the trial court held an evidentiary hearing on it. But at the hearing, Cone's trial counsel did not testify. The trial court overruled Cone's motion.

## II. Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017); *see* U.S. Const. amend. VI. To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). The record must affirmatively demonstrate that the claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In evaluating counsel's effectiveness under the deficient-performance prong, we review the totality of the representation and the particular circumstances of the case to determine whether counsel provided reasonable assistance under all the

circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307; *Thompson*, 9 S.W.3d at 813–14. Our review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08.

An appellate court may not infer ineffective assistance simply from an unclear record or a record that does not show why counsel failed to do something. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012); *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel did not have that opportunity, we should not conclude that counsel performed deficiently unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308. Direct appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance. *See Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813–14.

*Strickland*'s prejudice prong requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial—that is, a trial with a reliable result. 466 U.S. at 687, 104 S. Ct. at 2064. In other words, an appellant must show a reasonable probability that the proceeding would have turned out differently without the deficient performance. *Id.* at 694, 104 S. Ct. at 2068; *Nava*, 415 S.W.3d at 308. A

4

"reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Nava*, 415 S.W.3d at 308. We must ultimately focus on examining the fundamental fairness of the proceeding in which the result is being challenged. *Strickland*, 466 U.S. at 696, 104 S. Ct. at 2069. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.*, 104 S. Ct. at 2069.

## III. Discussion

Although Cone had an evidentiary hearing on his motion for new trial, that hearing did not help him.

For example, Cone testified at the hearing, but the trial court—acting as the factfinder—did not have to believe anything Cone said. *See Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014); *Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006). Based on the trial court's ruling, it apparently did not find Cone credible.

And although Cone had an evidentiary hearing, his trial counsel did not testify. Thus, despite the evidentiary hearing, trial counsel has nevertheless not been afforded an opportunity to explain his actions. *See Menefield*, 363 S.W.3d at 593. Under these circumstances, except for outrageous errors—something that our record does not show—we should not conclude that counsel performed deficiently. *See Nava*, 415 S.W.3d at 308.

5

Cone also notes that counsel failed to make an opening statement. But whether to do so is an inherently tactical decision based on the way a trial is unfolding, the trial strategy employed, the experience and judgment of the defense attorney, and other factors. *Taylor v. State*, 947 S.W.2d 698, 704 (Tex. App.—Fort Worth 1997, pet. ref'd) (per curiam). Here, all Cone does is point to something that his counsel did not do during the hearing, not explaining why it constitutes deficient performance or how it harmed his case. We thus conclude that Cone has not shown that his attorney's not making an opening statement rendered his performance either deficient or harmful. *See id.*; *see also McMahon v. State*, Nos. 02-19-00144-CR, 02-19-00145-CR, 2020 WL 579103, at *7 (Tex. App.—Fort Worth Feb. 6, 2020, pet. ref'd) (mem. op., not designated for publication).

Cone's other complaints are not about what happened at the adjudication hearing. Rather, Cone complains about what trial counsel allegedly did not do before the hearing.

For example, Cone complains that his counsel did not prepare him for the hearing. The record tends to belie Cone's assertion. At the start of the hearing, Cone personally told the trial court that he understood that (1) the punishment range was 2 to 20 years' imprisonment and a fine not to exceed $10,000 and (2) the State had filed a motion to proceed to an adjudication of guilt. Cone also personally entered his own pleas of "not true" to the State's allegations. During these exchanges, Cone did not protest that he was unprepared. In any event, Cone does not explain in what way

6

counsel did not prepare him or how any alleged failure to prepare him made any difference.

Cone next complains that he was not given an opportunity to gather his own witnesses. But Cone neither identifies which witnesses he wanted to call nor sets out what they would have said.

Cone further complains that his counsel did not prepare the one witness that counsel had called. Yet Cone does not explain why he contends that his witness was not adequately prepared or how additional preparation would have benefited him.

Finally, Cone complains that his counsel did not advise him of his right to testify or to remain silent. At the hearing on the State's motion to proceed to an adjudication, Cone did not testify. Significantly, Cone does not assert that he would have exercised his right to testify if trial counsel had properly advised him. Nor does he set out what his testimony would have been if he had exercised that right.

We hold that Cone has not shown that his trial counsel's performance was deficient or—assuming it was deficient—how any deficiency prejudiced him. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Nava*, 415 S.W.3d at 307; *Hernandez*, 988 S.W.2d at 770. We overrule Cone's point.

## IV. Conclusion

Having overruled Cone's point, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 11, 2023