

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00503-CR

———————————————————

CLIFFORD LEVIENE POWELL, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 9
Tarrant County, Texas
Trial Court No. 1495687

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Clifford Leviene Powell appeals from his conviction for driving while intoxicated. After his arrest, police drew his blood under a blood-draw warrant. In his sole point, Powell contends that he was denied effective assistance of trial counsel because his trial counsel did not "challenge the unconstitutional unreasonableness of the blood draw despite the absence of any predicate that it was performed in a sanitary place by a competently trained nurse or technician." We affirm.

### I. The Blood Draw

On the night of March 28, 2017, Powell, driving a white Nissan, straddled traffic lanes, slowed to nearly a stop, and then turned into oncoming traffic. A Mansfield police officer witnessed this driving and initiated a traffic stop. Powell initially complied with the stop but then fled. The police officer began pursuing Powell, as did other Mansfield officers. While fleeing, Powell weaved in and out of traffic with his lights off, nearly hitting other cars; the officers eventually succeeded in stopping him. Powell had bloodshot eyes, and his breath smelled of alcohol. One of the officers testified at trial that based on Powell's driving behavior, his eyes, his demeanor, the smell of alcohol, and the fact that officers found alcohol in a cooler in the Nissan's trunk, he believed that Powell "had lost the normal use of his mental and physical faculties due to the introduction of an alcoholic beverage."

Officers arrested Powell and took him to the city jail, where he declined to consent to a blood draw, and so officers applied for and received a blood-draw warrant. Powell was taken to the nurse's station at the jail for the blood draw, which was done by Nurse Kim Barnes. Asked at trial about the nurse's title or position, a Mansfield police officer testified, "I want to say she's an LVN, a licensed vocational nurse." Testing of Powell's blood showed a blood-alcohol concentration of 0.096.

The State charged Powell with operating a motor vehicle in a public place while he was intoxicated. *See* Tex. Penal Code Ann. § 49.04(a), (b). At trial, Powell's attorney did not object to admission of the blood-test evidence. The jury found Powell guilty, and the trial court sentenced him to serve forty days in jail and to pay a $500 fine. Powell did not file a motion for new trial. He now appeals.

## II.     Standard of Review for Claims of Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017); *see* U.S. Const. amend. VI. To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The record must affirmatively show that the claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In evaluating counsel's effectiveness under the deficient-performance prong, we review the totality of the representation and the particular circumstances of the case to determine whether counsel provided reasonable assistance under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307; *Thompson*, 9 S.W.3d at 813–14. Our review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08.

Direct appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance. *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson*, 9 S.W.3d at 813–14. An appellate court may not infer ineffective assistance simply from an unclear record or from a record that does not show why counsel failed to do something. *Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Moreover, trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. Without trial counsel's having that opportunity, we should not conclude that counsel performed deficiently unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308.

Ineffective-assistance claims are usually best addressed by a postconviction writ of habeas corpus because the record generally is more developed, particularly regarding counsel's strategic decisions. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *see Thompson*, 9 S.W.3d at 814 & n.6; *Ex parte Torres*, 943 S.W.2d 469, 475–76 (Tex. Crim. App. 1997).

### III. Law on Blood Draws

Traditional Fourth Amendment principles determine whether a blood draw was performed in a reasonable manner. *State v. Johnston*, 336 S.W.3d 649, 661 (Tex. Crim. App. 2011). "Accordingly, the reasonableness of the manner in which a DWI suspect's blood is drawn should be assayed on an objective, case-by-case basis in light of the totality of the circumstances surrounding the draw." *Id.* To be reasonable, a blood draw should be conducted in a safe place in which to draw blood, but it need not be conducted in a hospital or clinic. *Id.* at 662. Compliance with transportation code section 724.017 is one way, but not the only way, to establish reasonableness under the Fourth Amendment. *Id.* at 661; *see* Tex. Transp. Code Ann. § 724.017.

### IV. Discussion

An LVN drew Powell's blood at a nurse's station at the jail. *See Walters v. State*, No. 02-11-00474-CR, 2013 WL 1149306, at *4–5 (Tex. App.—Fort Worth Mar. 21, 2013, no pet.) (mem. op., not designated for publication) (overruling appellant's contention that an LVN lacked the qualifications to perform a blood draw). The trial testimony, the Mansfield Police Department Blood Specimen Procedure Form

completed in this case, and the body-camera recording of the blood draw all show that the nurse disinfected Powell's arm before drawing his blood. In addition, nothing in the record suggests that the nurse's station was an unsafe place to draw blood. And although the record does not affirmatively show compliance with transportation code section 724.017, the State was not required to prove such compliance. *See Johnston*, 336 S.W.3d at 661.

No record evidence exists indicating that Powell's blood was drawn in an unsafe place or that the blood draw was unreasonable. The record is silent about why Powell's attorney did not object to the blood-test evidence, and from the record we cannot conclude that his attorney's failure to object was conduct "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308; *see Johnston*, 336 S.W.3d at 662; *see also Donnelly v. State*, No. 02-14-00303-CR, 2015 WL 3422140, at *3 (Tex. App.—Fort Worth May 28, 2015, no pet.) (mem. op., not designated for publication) (holding that the record's silence as to counsel's reasons for failing to object to the admission of blood-test results precluded a conclusion that counsel was deficient). We therefore hold that Powell did not satisfy his burden to prove ineffective assistance of trial counsel, and we overrule his only point.

## V. Conclusion

Having overruled Powell's sole point, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 28, 2019