In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00067-CR
_____

TIMOTHY LEROY CORNELL, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR33243

_____

**MEMORANDUM OPINION**

Arguing his attorney failed to provide him with effective assistance of counsel at his trial, Timothy Leroy Cornell asks this Court to reverse his conviction and award him a new trial.[1] In one issue, Cornell argues the attorney who represented him in his trial failed to provide him with effective assistance of counsel by failing

---

[1]*See* Tex. Health & Safety Code Ann. § 481.115(c).

1

to object to an exhibit the trial court admitted into evidence showing that a matchbox, tied by other testimony to Cornell, contained 2.5 grams of methamphetamine. In Cornell's brief, he argues his attorney should have objected to a chemist's affidavit, one of the items in the exhibit, which explains how the lab tested the substance at issue in Cornell's trial.[2] Because Cornell failed to develop a sufficient record to show his attorney's performance was deficient, we affirm.

## Background

While approaching an intersection in Liberty County, Texas, Deputy Ranson Martel, a deputy sheriff employed by the Liberty County Sheriff, saw a car turn in front of him at an intersection. Because the car turned in front of the deputy, which required the deputy to slam on his brakes, Deputy Martel then stopped the car to investigate the car's driver for failing to yield the right-of-way. After the deputy stopped the car, he approached the car and asked the car's driver and the car's passengers for their IDs. The car's driver did so, but the car's passengers advised the deputy they did not have IDs. Deputy Martel asked those in the car to exit the car. As Cornell was leaving, Deputy Martel thought he saw Cornel make a throwing motion, which caused the deputy to suspect that Cornell had thrown something toward or under the car. Investigating further, Deputy Martel looked under the car.

---

[2] *See* Tex. Code Crim. Proc. Ann. art. 38.41.

He found a matchbox near one of the car's tires, near where Cornell had stopped. Upon opening the matchbox, Deputy Martel saw a substance inside that he believed based on his experience to be crystal meth. Deputy Martel arrested Cornell for possessing methamphetamine, a substance defined as a "controlled substance" under the Controlled Substances Act.[3]

Months after Cornell's arrest, the Liberty County Sheriff's Office sent a baggy containing the substance Deputy Martel discovered in the matchbox to the Department of Public Safety's crime lab for testing. The Crime Lab delegated the task to NMS Labs, a lab in Pennsylvania. Caitlyn Fachet, an analyst for NMS Labs, analyzed the sample in the baggy the Crime Lab sent her to be tested. She determined the substance in the baggy contained 2.5 grams of meth. Fachet wrote a report, dated April 24, 2017, in which she detailed the results of her tests. In May 2017, a grand jury indicted Cornell for intentionally or knowingly possessing methamphetamine, a controlled substance.[4]

In August 2018, the prosecutor notified Cornell that the State intended to introduce the lab results into evidence during his trial. The notice the State filed includes a document the parties are referring to as a "certificate of analysis," which

---

[3]Tex. Penal Code. Ann. § 481.102(6).
[4]*See* Tex. Health & Safety Code Ann. § 481.115(c).

was signed by Amanda Andrews, a forensic chemist and leader in NMS's lab. The State attached Andrews' affidavit, a lab licensure history, Fachet's lab report, and NMS's chain of custody report to the notice. In her affidavit, Andrews states she has "the technical knowledge and qualifications to certify that [Fachet] correctly performed the analysis on the specimen [reflected in her report] while [Fachet] was an employee of NMS Labs[,]" and she "attest[s] to the results of the analysis provided on the case report indicated above."

In February 2019, the parties tried the case to a jury. During the trial, the prosecutor offered the certificate of analysis and the lab report into evidence. Cornell's attorney did not object to the exhibit, which included the certificate of analysis and lab report, during Cornell's trial. After final argument, the jury found Cornell guilty of possessing methamphetamine and assessed a sixty-seven-year sentence.[5] After that, the record does not show that Cornell filed any post-judgment motions, nor did he raise a claim in the trial court alleging that his attorney failed to provide him with effective assistance of counsel during his trial.

---

[5]Possessing between one and four grams of methamphetamine is a third-degree felony. *See id.* But the jury found the two enhancement allegations in Cornell's indictment *true*, thereby enhancing Cornell's punishment range to 25 to 99 years (or life) in prison. *See* Tex. Penal Code Ann. § 12.42(d).

Analysis

Cornell offers two reasons suggesting that his attorney provided him with ineffective assistance of counsel during his trial. First, he argues that his attorney should have objected to the affidavit and lab report by arguing that admitting them violated his rights under the Confrontation Clause to examine Andrews' and Fachet's testimony that shows the baggy contained methamphetamine in the trial.[6] Second, Cornell argues his attorney should have objected to the affidavit and lab report by arguing the State failed to lay the proper predicate to have the documents admitted based on the rules in the Code of Criminal Procedure governing the admission of a certificate of analysis, article 38.41 of the Code of Criminal Procedure.[7]

To establish a claim of ineffective assistance of counsel, the record before the reviewing court must show two things, (1) that the defendant's attorney performed at a standard that fell below an objective standard of reasonableness, and (2) that the defendant was prejudiced by the errors he relies on in his appeal to claim he received ineffective assistance of counsel during his trial.[8] To establish a claim based on

---

[6]U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]").
[7]Tex. Code Crim. Proc. Ann. art. 38.41.
[8]*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

receiving ineffective assistance of counsel, the defendant must create a record that shows the claim is "firmly founded" in the record from the court below and the record must "affirmatively demonstrate the meritorious nature of the claim."[9] Generally, a defendant filing a direct appeal from his conviction in which he complains of ineffective assistance of counsel does not benefit from a record sufficient to prove ineffective assistance because the proof needed to demonstrate the attorney's ineffectiveness was never developed when the defendant was in the trial court.[10] For example, the defendant while in the trial court must give the attorney who represented him in his trial a chance to explain the conduct the defendant is criticizing in the appeal since in the absence of such an opportunity the record will not be sufficient to allow the defendant to establish the assistance he received violated the standards of reasonable professional assistance.[11]

Here, the record shows Cornell did not file a post-judgment motion, such as a motion for new trial. Cornell's attorney did not testify in his trial, so nothing in the record shows whether a reasonable explanation might exist to explain why he didn't object to Andrews' affidavit and the lab report that accompanied it during his trial.

---

[9]*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (cleaned up).

[10]*Id.*

[11]*Id.*

6

Thus, we cannot now know from the record currently before us why Cornell's attorney failed to object to this evidence in his trial. Perhaps the attorney who represented Cornell thought Andrews and Fachet were available to testify if he lodged the objections that Cornell now argues he should have raised in the trial. Or the attorney might have reasonably believed that Cornell would be better off if he did not force the State to bring Fachet and Andrews as witnesses to increase the chance the State would decide to rely solely on the affidavit and report to avoid having Andrews and Fachet provide more detailed explanations before the jury in the trial. Or perhaps Cornell's trial attorney believed the trial court would grant a motion for continuance and allow the State the time it needed to arrange for Fachet and Andrews to attend the trial should he object on the grounds Cornell argues he should have objected during the trial. But now, the record we have is undeveloped on these matters, and for that reason we must conclude Cornell did not meet the burden he had in his appeal to show that his attorney who represented him in his trial failed to discharge his duties of providing Cornell with reasonable professional assistance.[12]

---

[12]*See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012).

Given Cornell's failure to meet his burden of proving ineffective assistance, we overrule Cornell's sole issue.[13] Accordingly, the trial court's judgment is

AFFIRMED.

_____

HOLLIS HORTON
Justice

Submitted on August 10, 2020
Opinion Delivered February 17, 2021
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[13]*Strickland*, 466 U.S. at 693 (explaining that, except for conflict-of-interest claims, "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice").