# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00523-CR

---

### Ex parte Judy Morales

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C14-02036, THE HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In 2014, Judy Morales pled no contest to destroying, mutilating, or removing public information based on allegations that she deleted emails from her county-issued laptop. *See* Tex. Gov't Code §§ 552.351(a) ("A person commits an offense if the person willfully destroys, mutilates, removes without permission as provided by this chapter, or alters public information."), .002(a) (defining "public information"). The trial court placed her on deferred-adjudication community supervision for nine months. In early 2017, Morales filed a petition for writ of habeas corpus alleging that her plea was involuntary because she received ineffective assistance of counsel. *See generally* Tex. Code Crim. Proc. art. 11.072 (setting out procedures for seeking habeas relief from order or judgment imposing community supervision). Morales appeals from the trial court's order denying relief. *See id.*, § 8 ("If the application is denied in whole or part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure."). We will affirm.

## BACKGROUND[1]

In October 2013, Morales retired from her position as the director of the H.E.L.P. Center—which is operated by Bell County—but continued to serve in a volunteer capacity until a replacement could be found. On Thursday, November 7, 2013, Morales called one of the center's employees, Matilda Tames-Paul, to tell her about rumors that the Temple Daily Telegram planned to file an open records request seeking information regarding "misappropriation of funds" related to Morales's successful 2011 election campaign for the Temple City Council.

Morales and Tames-Paul exchanged several calls over the following three days. Tames-Paul prepared and submitted to Bell County's human resources department summarizing these calls. According to that document, Morales called Tames-Paul the following morning for help transferring documents from her work computer to an external hard drive. After that was complete, Morales instructed Tames-Paul to "delete any files we weren't currently working on" as well as "any old documents and brochures." Later that same day, a reporter with Temple Daily Telegram called the Center and asked if any employee would comment on whether they had worked on Morales' campaign during work hours. The following day, Morales called Tames-Paul and instructed her to "erase any election documents." More specifically, she directed Tames-Paul to erase "anything with my campaign. Whether it was those fliers or any emails. Anything that is between January 1 of 2011 and May 31 of 2011." Morales further stated that she "went ahead and deleted all this stuff" from her work computer.

---

[1] We take this factual description from the testimony at the hearing before the habeas court and the documents Morales attached to her petition, which were admitted into evidence.

In March 2014, the Bell County Attorney filed an information charging Morales with destroying or removing emails that were public information. Morales pled no contest, and the trial court entered an order of deferred adjudication placing her on community supervision for nine months. In early 2017, Morales filed an application for writ of habeas corpus asserting that her plea was involuntary because she received ineffective assistance of counsel. Specifically, Morales argued that her trial counsel failed to advise her that emails related to a political campaign are not public information. She attached to her application the information, an affidavit stating that she pled no contest solely because of her lawyer's advice, and Tames-Paul's statement.

The trial court denied the application as frivolous. *See* Tex. Code Crim. Proc. art. 11.072, § 7(a) ("If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous."). This Court reversed and remanded for the trial court to address the merits of the application. *See Ex parte Morales*, No. 03-17-00461-CR, 2018 WL 4171271, at *4 (Tex. App.—Austin Aug. 31, 2018, no pet.) (mem. op., not designated for publication). Following a hearing on the application at which Morales testified,[2] the trial court signed an order denying the application on the merits with findings of fact and conclusions of law. This appeal followed.

## STANDARD OF REVIEW

We review an order denying an application for a writ of habeas corpus for an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). "A trial

---

[2] Morales called eight witnesses who testified to her general character for truthfulness.

3

court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts arbitrarily or unreasonably." *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). In a post-conviction writ of habeas corpus, the applicant bears the burden of proving by a preponderance of the evidence that she is entitled to relief. *Id.* (citing *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002)).

In Article 11.072 habeas proceedings, such as this case, the trial court is the sole finder of fact. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). In our review, we afford almost total deference to the trial court's factual findings that are supported by the record, especially when those findings turn on evaluation of credibility and demeanor. *Id.* We afford the same amount of deference to the trial court's application of the law to the facts to the extent resolution of the ultimate question turns on an evaluation of credibility or demeanor. *Ex parte Nugent*, 593 S.W.3d 416, 424 (Tex. App.—Houston [1st Dist.] 2019, no pet.). If the facts are undisputed and the trial court's ruling does not turn on the credibility or demeanor of witnesses, we review the trial court's ruling de novo. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *Ex parte Ali*, 368 S.W.3d at 831.

## DISCUSSION

Morales asserts that her plea was involuntary because of her counsel's ineffective assistance. "The test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *State v. Guerrero*, 400 S.W.3d 576, 588 (Tex. Crim. App. 2013) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Where, as here, a defendant enters her plea on advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within

the range of competence demanded of attorneys in criminal cases." *Ex parte Ali*, 368 S.W.3d at 833 (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

The *Strickland v. Washington* test applies to challenges to pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Ex parte Ali*, 368 S.W.3d at 833. Under *Strickland*, an applicant must show (1) that her counsel's performance was deficient and (2) that the deficiency prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The applicant has the burden to establish both prongs by a preponderance of the evidence. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700; *see Ex parte Nugent*, 593 S.W.3d at 424.

To satisfy the first prong of *Strickland*, an applicant must show that her "counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, considering the facts of the case viewed from counsel's perspective at the time of the representation." *Ex parte Garza*, 620 S.W.3d 801, 808–09 (Tex. Crim. App. 2021). In considering a deficient-performance claim, we indulge a "strong presumption" that counsel's conduct fell within the "wide range of reasonable assistance" and "could be considered sound trial strategy." *Id.* at 827. To rebut that presumption, "the record must affirmatively demonstrate" the meritorious nature of the claim of deficient performance. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). "If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was

5

'so outrageous that no competent attorney would have engaged in it.'" *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013) (quoting *Menefield*, 363 S.W.3d at 593).

Morales argues that her counsel's advice rose to this standard because he should have known that the emails related to a campaign are not public information. *See* Tex. Gov't Code § 552.002(a)(3) (providing that "'[p]ublic information' means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business" by, as relevant here, "an individual officer or employee of a governmental body in the officer's or employee's official capacity and the information pertains to official business of the governmental body"). Morales did not call her counsel to explain his reasons for advising her to plead no contest, and the record does not show that no competent attorney would have given the same advice. Even if we assume that Morales is correct that emails related to a political campaign are not public information—an issue on which we express no opinion—her burden included demonstrating that she only deleted campaign related emails. In its findings, the trial court stated that Morales presented "no evidence" regarding the content of the deleted emails. *See Ex parte Martinez*, 330 S.W.3d at 901 (stating burden on applicant to demonstrate entitlement to relief); *Ex parte Ali*, 368 S.W.3d at 830 (same). Morales responds that her testimony provides sufficient evidence, but she acknowledged on cross-examination that she did not review all 30,000 emails that she deleted from her work computer. Without showing that she only deleted campaign-related emails, she cannot rebut the presumption that her counsel's advice to enter a plea of no contest was not conduct "so outrageous that no competent attorney would have engaged in it." *See Nava*, 415 S.W.3d at 308 (citing *Menefield*, 363 S.W.3d at 593). On this record, we cannot conclude that the trial court abused its discretion by

concluding Morales failed to overcome the presumption that her counsel's advice fell below the range of competence demanded of attorneys in criminal cases.  We overrule Morales's sole issue.

## CONCLUSION

We affirm the trial court's order.

_____

Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed:   July 30, 2021